UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YOSSEF KAHLON

                               Plaintiff,                  No. 24-CV-02439 (BMC)

       -against-

COUNTY OF NASSAU, JOHN/JANE DOE                **ANSWER**
MEMBERS OF THE NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE, CELINE
BOULBEN and JOHN /JANE DOE
"METOO" ORGANIZATION(S),

                              Defendants.
-------------------------------------------------------------------X
CELINE BOULBEN,

                   Counterclaim-Plaintiff,

       -against0

YOSSEF KHALON,

                   Counterclaim-Defendant.
-------------------------------------------------------------------X

       Defendant, County of Nassau (hereinafter referred to as the "County"), by its attorney.

Nassau County Attorney Thomas A. Adams, by Deputy County Attorney Ralph J. Reissman, as

and for its Answer to the Complaint of plaintiff Yossef Kahlon (hereinafter referred to as

"plaintiff"), states upon information and belief as follows:

### AS AND FOR A RESPONSE TO "INTRODUCTION"

1.   Denies knowledge or information sufficient to form a belief as to the allegations set

     forth in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations set

     forth in paragraph 2.

3. Denies the allegations set forth in paragraph 3.

1

4. Denies the allegations set forth in paragraph 4.

**AS AND FOR A RESPONSE TO "MUNICIPAL LAW OBLIGATIONS"**

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

7. Admits the allegations set forth in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9, except admits that the County is a municipal entity in the State of New York.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11.

**AS AND FOR A RESONSE TO "STATEMENT OF FACTS"**

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 58.

59. Denies the allegations set forth in paragraph 59.

60. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 62.

63. Denies the allegations set forth in paragraph 63.

64. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 64.

65. Denies the allegations set forth in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 68.

69. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69.

70. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73.

74. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75.

**AS AND FOR A RESPONSE TO "FIRST CAUSE OF ACTION
<u>FALSE ARREST (STATE LAW)</u>"**

76. In response to paragraph 76, the County repeats, reiterates and realleges each and every response hereinabove set forth with respect to paragraphs numbered 1 through 75 of the complaint with the same force and effect as if fully set forth at length herein.

77. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 79.

80. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80.

81. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 81.

82. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 82.

83. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 83.

84. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84.

85. Denies the allegations set forth in paragraph 85.

### AS AND FOR A RESPONSE TO "SECOND CAUSE OF ACTION FALSE ARREST (FEDERAL LAW)"

86. In response to paragraph 86, the County repeats, reiterates and realleges each and every response hereinabove set forth with respect to paragraphs numbered 1 through 85 of the complaint with the same force and effect as if fully set forth at length herein.

87. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 87.

88. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 88.

89. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 89.

90. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90.

91. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91.

92. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92.

93. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93.

94. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 94.

95. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 95.

96. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 96.

**AS AND FOR A RESPONSE TO "THIRD CAUSE OF ACTION
MALICIOUS PROSECUTION (STATE LAW)"**

97. In response to paragraph 97, the County repeats, reiterates and realleges each and every response hereinabove set forth with respect to paragraphs numbered 1 through 96 of the complaint with the same force and effect as if fully set forth at length herein.

98. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 98.

99. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 99.

100. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 100.

101. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 101.

102. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 102.

103.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 103.

104.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 104.

105.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 105.

106.     Denies the allegations set forth in paragraph 106.

**AS AND FOR A RESPONSE TO "FOURTH CAUSE OF ACTION<br>MALICIOUS PROSECUTION (FEDERAL LAW)"**

107.     In response to paragraph 107, the County repeats, reiterates and realleges each and every response hereinabove set forth with respect to paragraphs numbered 1 through 106 of the complaint with the same force and effect as if fully set forth at length herein.

108.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 108.

109.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 109.

110.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 110.

111.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 111.

112.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 112.

113.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 113.

114.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 114.

115.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 115.

**AS AND FOR A RESPONSE TO "FIFTH CAUSE OF ACTION – MONELL"**

116.     In response to paragraph 116, the County repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs numbered 1 through 115 of the complaint with the same force and effect as if fully set forth at length herein.

117.     Denies the allegations set forth in paragraph 117.

118.     Denies the allegations set forth in paragraph 118.

119.     Denies the allegations set forth in paragraph 119.

120.     Denies the allegations set forth in paragraph 120.

121.     Denies the allegations set forth in paragraph 121.

122.     Denies the allegations set forth in paragraph 122.

123.     Denies the allegations set forth in paragraph 123.

124.     Denies the allegations set forth in paragraph 124.

125.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 125.

126.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 126.

## AS AND FOR A RESPONSE TO "SIXTH CAUSE OF ACTION
## <u>FABRICATION OF EVIDENCE (FEDERAL LAW)"</u>

127.     In response to paragraph 127, the County repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs numbered 1 through 126 of the complaint with the same force and effect as if fully set forth at length herein.

128.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 128.

129.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 129.

130.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 130.

131.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 131.

132.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 132.

133.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 133.

## <u>AS AND FOR A RESPONSE TO "SEVENTH CAUSE OF ACTION – CONSPIRACY"</u>

134.     In response to paragraph 134, the County repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs numbered 1 through 133 of the complaint with the same force and effect as if fully set forth at length herein.

135.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 135.

136.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 136.

137.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 137.

138.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 138.

139.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 139.

140.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 140.

**AS AND FOR A RESPONSE TO "EIGHTH CAUSE OF ACTION
NEGLIGENT HIRING, TRAINING AND RETENTION"**

141.     In response to paragraph 141, the County repeats, reiterates and realleges each and every denial hereinabove set forth with respect to paragraphs numbered 1 through 140 of the complaint with the same force and effect as if fully set forth at length herein.

142.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 142.

143.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 143.

144.     Denies the allegations set forth in paragraph 144.

145.     Denies the allegations set forth in paragraph 145.

14

146.     Denies the allegations set forth in paragraph 146.

147.     Denies the allegations set forth in paragraph 147.

148.     Denies the allegations set forth in paragraph 148.

149.     Denies the allegations set forth in paragraph 149.

*** ***NOTE: THERE ARE NO PARAGRAPHS NUMBERED
"150" THROUGH "155" IN THE COMPLAINT ****

### AS AND FOR A RESPONE TO "DAMAGES"

156.  Denies the allegations set forth in paragraph 156.

157. Denies the allegations set forth in paragraph 157.

158. Denies the allegations set forth in paragraph 158.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

159.   The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

160.  Plaintiff's constitutional and statutory rights have not been violated by the County.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

161.  At all applicable times herein, and at all times mentioned in the Complaint, defendant County of Nassau, its agencies, departments, officers, agents, servants and/or employees, including the Nassau County Police Department and the Nassau County District Attorney's Office, and their officers, agents, servants and/or employees, enjoyed, and continue to enjoy, an absolute, full, partial or qualified immunity from civil suit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

162. At all applicable times herein, and at all times mentioned in the Complaint,  the County of Nassau, the Nassau County Police Department, the Nassau County District

Attorney's Office, and their officers, agents, servants and/or employees having anything to do with plaintiff, were acting in the performance of their respective duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department, and the Nassau County District Attorney's Office, and as officers, agents, servants and/or employees of the State of New York; that all of the acts of each officer, agent, servant and/or employee of the County of Nassau, the Nassau County Police Department and the Nassau County District Attorney's Office in connection with the plaintiff were performed in good faith, without malice, and with reasonable and proper care in the ordinary course of their duties as officers, agents, servants and/or employees of  the County of Nassau, the Nassau County Police Department, the Nassau County District Attorney's Office and the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

163. At all applicable times herein, and at all times mentioned in the Complaint, the actions of any and every employee of defendant County, including, but not limited to, employees of the Nassau County Police Department and the Nassau County District Attorney's Office, having any interaction, business, arrest, prosecution, legal process, or any other action to do with plaintiff. were in full accord with all applicable laws and statutes.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

164.  Under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of defendants named in the Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau

16

pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

165. Punitive damages may not be recovered against defendant County of Nassau, its agencies and departments as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

166. The arrest of plaintiff was supported by probable cause.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

167. The prosecution of plaintiff was supported by probable cause.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112. If plaintiff sustained damages as alleged in the Complaint, such damages were sustained through and by virtue of the wrongful and/or negligent conduct of parties other than defendant County, over whom defendant County exercised no control, without any wrongful or negligent conduct on the part of defendant County, its officials, agents, servants or employees contributing thereto.

      **WHEREFORE,** defendant County of Nassau demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:  Mineola, New York
        April 28, 2024

                                   **THOMAS A. ADAMS**
                                   County Attorney for the County of Nassau
                                   Attorney for Defendant County of Nassau

                                 By: /s/ Ralph J. Reissman
                                     RALPH J. REISSMAN
                                    Deputy County Attorney
                                 1 West Street
                                 Mineola, New York 11501
                                 (516) 571-3046
                                 rreissman@nassaucountyny.gov