UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YOSSEF KAHLON,

                                                                             24-CV-02439 (BMC)

                        Plaintiff,

                                                                             **ANSWER TO COUNTERCLAIMS**

            - against -

COUNTY OF NASSAU, JOHN/JANE DOE Members
of the Nassau County District Attorney's Office,
CELINE BOULBEN, and JOHN/JANE DOE
"#METOO" ORGANIZATION(S),

                        Defendants.
-------------------------------------------------------------------X
CELENE BOULBEN,

                        Counterclaim-Plaintiff

            -against-

YOSSEF KAHLON

                        Counterclaim-Defendant
-------------------------------------------------------------------X

       Answering the allegations in the Defendant Celine Boulben's counterclaims, Plaintiff YOSSEF KAHLON ("Mr. Kahlon") hereby alleges as follows:

       1.    Admit the allegations stated in the following paragraphs: 13, 14, 15, 16, 25, 26, 29, 30, 36, 38, 46, 48, 55, 77, 108, 115, 116, 120, 121.

       2.    Deny the allegations stated in the following paragraphs and reserve all legal conclusions for a determination by the Court: 5, 6, 9, 12, 52, 53, 54, 56, 61, 62, 64, 65, 66, 69, 72, 73, 75, 79, 80, 85, 89, 90, 91, 92, 93, 94, 98, 99, 104, 105, 109, 110, 114, 117, 118, 119, 123, 124, 125, 126, 128, 129, 130, 131.

3. Deny knowledge or information sufficient to form a belief as to the allegations stated in the following paragraphs and reserve all legal conclusions for a determination by the Court: 1, 2, 3, 17, 19, 20, 21, 22, 23, 24, 34, 37, 39, 40, 41, 42, 43, 44, 45, 47, 51, 60, 68, 70, 71, 74, 76, 78, 81, 82, 83, 86, 100, 102, 103, 111, 112, 113.

4. As for the allegations stated in paragraph 4: deny knowledge or information sufficient to form a belief as to the allegations, except to acknowledge that Plaintiff and Defendant met through the seeking.com website in January 2021 and reserve all legal conclusions for a determination by the Court.

5. As for the allegations stated in paragraph 7, deny the allegation of rape and deny knowledge or information sufficient to form a belief as to the allegations regarding the nature of Boulben's activities after her sexual encounter with the plaintiff and reserve all legal conclusions for a determination by the Court.

6. As for the allegations stated in paragraphs 8, deny the allegations, except to acknowledge that a Nassau County jury rejected each and every one of Boulben's claims of sexual assault and acquitted the plaintiff and reserve all legal conclusions for a determination by the Court.

7. As for the allegations stated in paragraph 10: deny except to acknowledge that plaintiff initiated the instant action and reserve all legal conclusions for a determination by the Court.

8. As for the allegations stated in paragraph 11: deny except to acknowledge that the video surveillance system video which would have captured all of the consensual activity between plaintiff and Boulben was taped over and lost in the ordinary course of the systems use due to plaintiff having no knowledge of Boulben's false claims of rape until nearly seven months after

their consensual encounter with no other reason to preserve it and that plaintiff made extraordinary efforts to obtain it and reserve all legal conclusions for a determination by the Court.

9. As for the allegations stated in paragraph 18: deny knowledge or information sufficient to form a belief as to the allegations, except to admit residence and reserve all legal conclusions for a determination by the Court.

10. As for the allegations stated in paragraph 27: deny except to acknowledge communication between Boulben and plaintiff was initiated by Boulben and that the two of them began communicating on seeking.com platform and reserve all legal conclusions for a determination by the Court.

11. As for the allegations stated in paragraph 28: deny knowledge or information sufficient to form a belief as to the allegations, except to admit that at some point the two exchanged phone numbers.

12. As for the allegations stated in paragraph 31: deny knowledge or information sufficient to form a belief as to the allegations, except to admit the two engaged in a video chat prior to meeting in person and reserve all legal conclusions for a determination by the Court.

13. As for the allegations stated in paragraph 32: deny knowledge or information sufficient to form a belief as to the allegations, except to admit the two engaged in a video chat prior to meeting in person, plaintiff invited Boulben to his home and cooked and served her lunch and reserve all legal conclusions for a determination by the Court.

14. As for the allegations stated in paragraph 33, deny except the two discussed the manner and place of their meeting and agreed plaintiff would send an Uber to transport Boulben to plaintiff's home and reserve all legal conclusions for a determination by the Court.

15. As for the allegations stated in paragraph 35, deny knowledge or information sufficient to form a belief as to the allegations, except to admit Boulben arrived by Uber and reserve all legal conclusions for a determination by the Court.

16. As for the allegations stated in paragraph 49, deny except admit that plaintiff showed Boulben photos of women and reserve all legal conclusions for a determination by the Court.

17. As for the allegations stated in paragraph 50, deny except admit that plaintiff showed Boulben photos of women and reserve all legal conclusions for a determination by the Court.

18. As for the allegations stated in paragraph 57, deny except admit that plaintiff retrieved various sex toys and reserve all legal conclusions for a determination by the Court.

19. As for the allegations stated in paragraph 63, deny except admit that after plaintiff discussed with Boulben certain practices he enjoyed and after Boulben agreed to engage in such practices, plaintiff asked Boulben to lick his shoes and reserve all legal conclusions for a determination by the Court.

20. As for the allegations stated in paragraph 63, deny except admit that following her consent for him to do so, plaintiff placed Boulben in toy handcuffs and placed a hood over her head and reserve all legal conclusions for a determination by the Court.

21. As for the allegations stated in paragraph 63, deny except admit that following her consent for him to do so, plaintiff placed Boulben in toy handcuffs and placed a hood over her head and reserve all legal conclusions for a determination by the Court.

22. As for the allegations stated in paragraph 67, deny knowledge or information sufficient to form a belief as to the allegations, except to admit that any and all activities described in this paragraph were altogether consensual and reserve all legal conclusions for a determination by the Court.

23. As for the allegations stated in paragraph 84, deny except admit that at some point during their consensual sexual encounter, plaintiff brought Boulben her bag and phone and a glass of champagne and reserve all legal conclusions for a determination by the Court.

24. As for the allegations stated in paragraph 87, deny except admit that Plaintiff and Boulben engaged in a variety of consensual sexual acts and reserve all legal conclusions for a determination by the Court.

25. As for the allegations stated in paragraph 88, deny except admit that Plaintiff and Boulben engaged in a variety of consensual sexual acts, including the use of sex toys and reserve all legal conclusions for a determination by the Court.

26. As for the allegations stated in paragraph 95, deny except admit that Plaintiff and Boulben engaged in a variety of consensual sexual acts and reserve all legal conclusions for a determination by the Court.

27. As for the allegations stated in paragraph 96, deny except admit that Plaintiff and Boulben engaged in sexual intercourse, at Boulben's request and that no condom was used and reserve all legal conclusions for a determination by the Court.

28. As for the allegations stated in paragraph 97, deny except admit that Plaintiff and Boulben engaged in a variety of consensual sexual acts and engaged in various forms of sex talk and reserve all legal conclusions for a determination by the Court.

29. As for the allegations stated in paragraph 101, deny except admit that Plaintiff offered Boulben a shower and brought her fresh linens and soap and shampoo and reserve all legal conclusions for a determination by the Court. As for the allegations stated in paragraph 106, deny except admit that Plaintiff ordered Boulben an Uber, gave her $420 and endured Boulben's numerous efforts to be paid additional monies, including asking plaintiff to use a cash app to pay her more and giving plaintiff her real name and all her bank account information so that he could wire her additional monies and reserve all legal conclusions for a determination by the Court.

30. As for the allegations stated in paragraph 107, deny except repeat paragraph 29 and admit that Plaintiff kissed Boulben good night and reserve all legal conclusions for a determination by the Court.

31.    As for the allegations stated in paragraphs 122, repeat and reallege the answers as to all allegations referenced on the following paragraphs: 1 through 30.

32.    As for the allegations stated in paragraphs 127, repeat and reallege the answers as to all allegations referenced on the following paragraphs: 1 through 31.

## AFFIRMATIVE DEFENSES

33.    FIRST:   Plaintiff fails to state a claim upon which relief may be granted.

34.    SECOND:   Plaintiff's claims are time-barred, and any statutes claiming to permit such claims represent violations of due process and are thus unconstitutional.

35.    THIRD:   Plaintiff's claims are barred by the doctrine of laches.

36.    FOURTH:   If the complained-of conduct took place it was done with the consent of the Plaintiff.

**WHEREFORE**, the Defendant demands judgment (a) dismissing the Plaintiff's Complaint on the merits; (b) awarding all costs and disbursements of this action; and (c) for such other relief as the Court deems just and proper.

Dated: Garden City, New York
      May 31, 2024

                      BARKET EPSTEIN KEARON ALDEA
                      & LOTURCO, LLP

                      _____
                      Kevin T. Kearon, Esq.
                      666 Old Country Road, Suite 700
                      Garden City, NY 11530
                      (516) 745-1500