

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

June 7, 2024

<u>*Via ECF*</u>
The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:** ***Kahlon v. County of Nassau et al.*, 2:24-cv-02439 (BMC)**

Dear Judge Cogan:

      By Order dated May 30, 2024, the Court directed the undersigned counsel for Mr. Kahlon to file a letter explaining why the action between Ms. Boulben and Mr. Kahlon should not be severed from the action between Mr. Kahlon and the County and Doe Defendants. For the reasons set forth below, this case should not be severed.

      Under the Federal Rules of Civil Procedure ("FRCP"), the Court may, at its discretion, sever a defendant's counterclaims from the underlying case in chief. *See* FRCP 21; FRCP 42(b). But as a general matter, federal courts "view severance as a procedural device to be employed only in exceptional circumstances." *Oram v. SoulCycle LLC*, 979 F.Supp.2d 498, 503 (S.D.N.Y. 2013). That is to say, "the joinder of claims is 'strongly encouraged' and severance should generally be granted only in 'exceptional circumstances.' " *See Cia. Embotelladora del Pacifico v. Pepsi Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y.2009) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 [1966]). *See also Waite v. UMG Recordings Inc.*, 2021 WL 4776165 (S.D.N.Y. Oct. 11, 2021) (repeating the "exceptional circumstances" requirement).

      Broadly speaking, courts evaluating severance applications generally consider whether the issues sought to be tried separately are (1) significantly different from one another; (2) triable by jury or the court; (3) have a different discovery posture (4) require the testimony of different witnesses and documentary proof; and (5) whether prejudice will result if severance is not granted. *See German and German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y.1995). However, given the strong disfavor for severance, "district courts in this Circuit generally permit all logically related claims by or against different parties to be tried in a single

1

proceeding." *Todaro v. Siegel Fenchel & Peddy,* 2008 WL 682596, at *2 (E.D.N.Y. March 3, 2008). Meeting the exceptional-circumstances requirement to reverse that trend requires a demonstration that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *Agnesini v. Doctor's Assoc., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y.2011).

This case does not present the exceptional circumstance for which severance would be appropriate. To the contrary, none of the parties are seeking severance, and both sets of cases—Mr. Kahlon's case and Ms. Boulben's counterclaims—arise out of the same nucleus of facts, which involve a complainant who fabricated an account of rape and the law enforcement apparatus that facilitated her. As set forth below, severance would thus add inefficiencies into the litigation while also risking paradoxical outcomes.

With respect to inefficiencies, recall that this case was removed to federal court at the prompting of Ms. Bouldben, who is piggybacking off the federal question jurisdiction arising from Mr. Kahlon's case. Severing her counterclaims would thus eliminate the federal question jurisdiction over her case and, therefore, would not only sever the case into two proceedings but would likely break the two proceedings into different jurisdictions. Despite the same basic case, with the same basic witnesses, the parties would thus have to go through discovery, motions, and trial twice—once in state court and once in federal court.

Severance also presents the risk of inconsistent outcomes. Mr. Kahlon's case is based upon the premise that he was falsely accused of rape based upon the bad faith of Ms. Boulben and the illegal tactics of Nassau County agents. Ms. Boulben's counterclaim is based upon the notion that her allegations of rape were true. Theoretically, severing the cases would thus risk the paradoxical outcome that one jury would find Mr. Kahlon to have been maliciously prosecuted and the other could find him to have been (civilly) guilty of the wrongdoing in question. Keeping the cases joined avoids this risk.

Even if severance were ever appropriate, now would not be the time to do it. We remain in the fortunate position that, presently, the claims at this point are in an identical discovery posture. Thus, severing Mr. Boulben's counterclaims of assault and battery and intentional infliction of emotional distress from the underlying case in chief would require that the *same* discovery to be conducted twice, that the *same* witnesses be deposed twice, and that judicial resources – whether they be federal or state – be doubly dedicated to litigating many of the *same* issues. Keeping the cases together, at least through discovery, avoids those unnecessary costs.

At the close of discovery, moreover, we highly doubt that the Court will view severance to be a prudent course of action. Testimony in separate trials would, at minimum, largely overlap. Both actions—Mr. Kahlon's case and the counterclaim—would call for the testimonies of Mr. Kahlon, Ms. Boulben, Detective Luis Salazar, and Detective Aileen Newbold, among potential others, and involve the same core details: what happened between Mr. Kahlon and Ms. Boulben, what the nature of the dealings were between Ms. Boulben and Nassau County law enforcement, and what happened in the aftermath of Ms. Boulben's interview with Detective Salazar, among other issues that are identical to both cases.

2

In the end, if and when the case does ripen for trial, this Court can limit the minimal possibility of prejudice that might inhere in a joint trial by carefully instructing the jury. This type of "less drastic measure[] … often will suffice to cure any risk of prejudice." *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In short, the action between Ms. Boulben and Mr. Kahlon should not be severed from the action between Mr. Kahlon and the County and Doe defendants. Thank you for your consideration.

Respectfully submitted,

/s/
Alexander Klein, Esq.
Danielle Muscatello, Esq.
Kevin Kearon, Esq.