

*VIA ECF*
Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

     RE:    *Kahlon v. County of Nassau, et al.,* Case No. 24-CV-02439

Dear Judge Cogan,

     This firm represents Defendant/Counterclaim-Plaintiff Céline Boulben in regards to her assault and battery and emotional distress counterclaims against Yossef Kahlon in the above referenced matter. We have attempted to resolve this dispute with counsel for Mr. Kahlon but have been unable to come to an agreement. The dispute at issue is the location of Ms. Boulben's deposition which is currently scheduled for this Monday, November 25, 2024 at 10 a.m. For background, our firm's offices are located in downtown Brooklyn, Mr. Kahlon's counsel's offices are located in Garden city, Long Island and Defendant Nassau County's offices are in Mineola, Long Island.

     Since the outset of this matter, I have taken great lengths to confer with both counsel for Defendant Nassau County and counsel for Mr. Kahlon. Mr. Kahlon's deposition notice was sent on October 18, 2024 and it was noticed for a Manhattan location on November 21, 2024, to which all parties initially agreed. In exchange, the parties agreed to conduct Ms. Boulben's deposition at the Nassau County offices on November 25, 2024. On November 15, Mr. Kearon, Mr. Kahlon's counsel, suggested changing the location of Mr. Kahlon deposition to his office in Nassau County. I responded that "we were flexible" but that if we would be traveling to Long Island for Mr. Kahlon's deposition, then we asked that our client's deposition be conducted in New York City. In response, that same day, Mr. Kearon replied and said, "I am willing to come to NYC for deposition of Ms. Boulben if we can do Mr. Kahlon's at my office. Thank you for this accommodation."

     On November 19, I emailed counsel for the parties and stated "I'm still working on securing the NYC location for November 25th. I expect to have a response by the end of day." Mr. Kearon replied, "thank you Ingrid. Am confirming Mr. Kahlon's deposition will take place at my office on Thursday [November 21] at 10 a.m." Later that day, I responded, "Kevin, unfortunately I am unable to secure a location in NYC for you to conduct Ms. Boulben's deposition on Nov. 25. To the extent you have a location to accommodate, I am still amenable to the swap. Otherwise, I will need to conduct your client's deposition as noticed." Minutes later, Mr. Kearon responded, "I think Ralph [Nassau County counsel] previously offered to host Ms.

Boulben's EBT at office of County Attorney and only reason we changed was because of my desire to do Kahlon's at my office. Ralph can you still host Ms. Boulben on 11/25?" Later that day, I responded, "for clarity if Ms. Boulben is expected to come to Long Island for her deposition on November 25, I am taking Mr. Kahlon's deposition as noticed at the address listed in NYC. I just ask that you notice her deposition if that is the case." 40 minutes later, Mr. Kearon responded: "I have offered to come to NYC as an accommodation to Ms. Boulben to your office or at a place of your choosing. If no such place is available, why would you object to coming to Nassau where we have a venue? You alone coming to Garden City on Thursday [for Mr. Kahlon's deposition] is not an inconvenience to Ms. Boulben. Please reconsider your position. Kahlon at my office on Thursday. Ms. Boulben at a place convenient to her and you in Manhattan on 25th. I am not going to incur the expense of renting a venue in Manhattan when we have a host in Nassau County a one block walk from the LIRR Mineola station. Hardly an inconvenience to Ms. Boulben."

Exhausted by the barrage of emails back and forth, I eventually gave in and said, "please notice her deposition and we will appear where noticed. I am confirming Mr. Kahlon's deposition on Thursday at your office."

On November 21, we conducted Mr. Kahlon's deposition in Garden City, Long Island to accommodate Mr. Kearon and his client, with the understanding that they would show us the same courtesy, as previously discussed.[1] At the end of the deposition – which in itself presented a whole host of issues which will be the subject of another separate letter to the Court – we discovered that Mr. Kearon was using Magna services for their deposition of our client on Monday, November 25th. We informed Mr. Kearon that Magna has its own offices in Manhattan and that we should all be able to use that location on Monday for Ms. Boulben's deposition. Mr. Kearon responded that he "did not think" he would be able to do that because he had already booked the interpreter, reporter and videographer for the Nassau County Mineola office. Today, I reached out to the parties and to Magna after learning that Magna had offices in Brooklyn which we could rent and which our firm agreed to pay for. We asked Mr. Kearon to please conduct the deposition at Magna's Brooklyn offices and that we could help to logistically ensure that the reporter and interpreter were given the correct address for Monday. Mr. Kearon categorically refused repeatedly, despite our assurances that we would pay for Magna's rental costs and that we would assist him in communicating the new address to the interpreter and the court reporter.

We ask that the Court order that our client, who has already been repeatedly retraumatized by this process, be deposed in the place of her choosing as initially agreed upon with Mr. Kearon. At the very least, we ask that the deposition take place at the courthouse, a neutral location, if the Court is amenable. It is our understanding that Mr. Reisman, Nassau County's counsel, is flexible and will appear wherever ordered.

---

[1] If the Court is not inclined to order that Ms. Boulben's deposition take place in Brooklyn, then we ask that the remainder of Mr. Kahlon's deposition – which is at least two hours and arguably four hours – be conducted in Brooklyn, at a location of our firm's choosing.

                    Sincerely,

                    Ingrid Fernandez

encl.

cc:    Julia Elmaleh-Sachs
       Kevin T. Kearon
       Alexander Klein
       Ralph Reissman