

**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

# COUNTY OF NASSAU
## OFFICE OF THE COUNTY ATTORNEY

December 16, 2024

Via ECF
Honorable Brian M. Cogan
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Kahlon v. County of Nassau, et al.* / Docket No. 24-CV-02439 (BMC)

Your Honor:

This office represents defendant County of Nassau (the "County") in the above-referenced action. Pursuant to Rule III(B)(2) of the Court's rules, the County respectfully requests a pre-motion conference for the purpose of filing a motion for summary judgment under Fed. R. Civ. P. 56.

**Facts of the Case**. Yoseff Khalon ("Plaintiff") was arrested on August 19, 2021, following his indictment on various sex offenses arising from an encounter with defendant/third-party plaintiff Celine Boulben ("Boulben") on January 25, 2021, in his Kings Point, New York, home. Plaintiff was acquitted on October 10, 2023, following a jury trial. On February 28, 2024, Plaintiff commenced this action in Nassau County Supreme Court alleging deprivation of his civil liberties under federal and state law. On April 1, 2024, Boulben removed this matter to this Court [DE 1].

The County contends that it is entitled to summary judgment pursuant to Rule 56 upon the following grounds.

**1. Failure to Name an Individual Defendant**. Actions under 42 U.S.C. § 1983 are required to allege that "'the conduct complained of [was] committed by a person acting under color of state law.'" *Mosquera v. Nassau Health Care Corp.*, 2019 WL 6525653, at *2 (E.D.N.Y. Dec. 4, 2019) (internal citations omitted). Here, Plaintiff has failed to name an individual who allegedly violated his rights and, because the deadline for amendments to the pleading has expired, he is barred from adding another party. Moreover, Plaintiff has not substituted the "John/Jane Doe" defendants within the statutorily allotted time. Consequently, because there are no individual state actors as defendants, all of the claims sounding in federal law should be dismissed.

**2. Immunity.** Plaintiff's theory of liability against the municipal defendant County relates to alleged misdeeds by unnamed Assistant District Attorneys in the presentation of evidence to a Grand Jury and the criminal prosecution. Even if those persons had been named as defendants, they would be entitled to summary judgment because the conduct alleged

against them is directly related to their prosecutorial functions as advocates. *Imbler v. Pachtman,* 424 U.S. 409 (1976); *see also Mitchell v. Forsyth*, 472 U.S. 571 (1985)

**3. Plaintiff's State and Federal False Arrest Claims Are Subject to Dismissal.** Pursuant to New York General Municipal Law § 50-i(1)(a), a notice of claim must be served within ninety (90) days after the subject claim arose and, under New York law, causes of action based on false arrest accrue upon the subject's release from confinement and are governed by a one-year statute of limitations.(*see* CPLR 215 [3]). Plaintiff was arrested on August 19, 2021, and was released from confinement that same day after posting bail at his arraignment. Thus, Plaintiff's notice of claim would have had to be served by November 19, 2021, and his lawsuit commenced by November 19, 2022. Here, Plaintiff first served a notice of claim on December 11, 2023, making it jurisdictionally defective, and this action was filed in February 2024, long after expiration of the statute of limitations for false arrest claims.

Another ground for summary judgment is the existence of probable cause which is a complete defense to a false arrest claim. *See Savino v. City of New York*, 331 F. 3d at 63, 72 (2d Cir. 2003); *D'Angelo v. Kirschner*, 288 Fed. Appx. 724, 726 (2d Cir. 2008)*; Mitchell v. Cty. of Nassau*, 786 F. Supp. 2d 545, 562 (E.D.N.Y. 2011). The evidence adduced through discovery revealed that investigating detective, Aileen Newbold, had determined that probable cause existed to arrest the Plaintiff even if the District Attorney's Office had not chosen to seek a direct presentment to a grand jury—which was within its statutory authority to do.

**3. Plaintiff's State and Federal Claims for Malicious Prosecution Should Be Dismissed.** To prevail on a malicious prosecution claim under New York and federal law, a plaintiff must show: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Smith-Hunter v. Harvey*, 95 N.Y. 2d 191 (2000) (internal quotation marks omitted); *see also Kee v. City of New York*, 12 F. 4th 150, 161 (2d Cir. 2021). Plaintiff cannot meet the third and fourth requirements, since probable cause existed for his prosecution, and he has failed to adduce evidence that any County employee (again, the complaint fails to name any individual County defendant) acted with malice when the criminal charges were filed against him. Under New York law, malice does not have to be actual spite or hatred but means only "that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F. 3d 563, 573 (2d Cir. 1996), as amended (May 21, 1996) (citing *Nardelli v. Stamberg,* 44 N.Y. 2d 500, 502–03 [1978]). Here, there is no evidence that any County employee acted for any motive other than seeking justice. Thus, summary judgment is proper on these claims.

Moreover, a presumption of probable cause exists where there is a grand jury indictment. *Colon v. City of New York*, 60 N.Y. 2d 78, 82 (1983). To the extent that Plaintiff contends that the grand jury proceedings were tainted, he is unable to prove those allegations because the minutes of the grand jury proceedings have not been unsealed for use in this case. Grand jury proceedings are secret and, with few exceptions, may not be disclosed unless as part of one's lawful duties, or upon written order of the court. New York Criminal Procedure

Law ("C.P.L.") § 190.25(4)(a); *see also Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577 (S.D.N.Y. 2017). Thus, to prove his case, Plaintiff must rely upon a document that is statutorily protected against disclosure, and which has not been unsealed through a court order.

Pursuant to C.P.L. § 245 discovery, Plaintiff was entitled to—and did receive—testimony of a witness called during Plaintiff's criminal trial. That possession, however, did not extend the use of the transcript to this civil case arising from, or as a result of, criminal proceedings. *See Matter of District Attorney of Suffolk County*, 58 N.Y. 2d 436, 443 (1983) (court has authority to prevent further disclosure or dissemination of grand jury testimony).

As the Court of Appeals noted, the secrecy of grand jury proceedings is so seriously regarded, that unauthorized disclosure is punishable as a felony. *Id*. at fn. 6. Consequently, at their recent depositions, neither of the assistant district attorney witnesses was able to discuss the grand jury proceedings and were, thus, statutorily prohibited from disproving Plaintiff's unfounded claims.[1] Until such time as Plaintiff obtains the release of the grand jury testimony, he will be unable to refer to same. In any event, the County is confident that Plaintiff is unable to meet his burden of proof.

**4. The Fabrication of Evidence Claim Should Be Dismissed.** Fabrication of evidence claims relate to the right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigative capacity. The traditional elements for such a claim are: (1) an investigating official; (2) who fabricates evidence; (3) that is likely to influence a jury's decision; (4) forwards that information to prosecutors; and (5) the plaintiff suffers a deprivation of liberty as a result. Because no proof exists that any County employee knowingly fabricated any evidence, summary judgment is appropriate.

**5. The Conspiracy Claim Should Be Dismissed.** To prevail on a § 1983 conspiracy claim, the plaintiff must establish: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F. 3d 65, 72 (2d Cir. 1999). In addition to the fact that the Complaint fails to name any County "state actor" as a defendant, Plaintiff has no evidence to support his claim that any County employee conspired with Boulben. Plaintiff has not adduced a shred of evidence of an "agreement," let alone any sort of action "in concert" to support his conclusory claims. Additionally, Plaintiff has not adduced any evidence regarding a "constitutional violation," which is a threshold issue required to succeed on a §1983 conspiracy claim. *See Singer v. Fulton Cty. Sheriff*, 63 F. 3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a §1983 conspiracy claim must prove an actual violation of constitutional rights."). Summary judgment is, thus, appropriate.

---

[1] Although federal courts are not constrained by the dictates of C.P.L. § 190.25(a)(4), Plaintiff has not made application to the state court demonstrating "a particularized need" for release of the grand jury transcripts, nor has he sought an order from this Court. *See, e.g., Domni v. County of Nassau, et al.*, 2020 WL 7625417, at *6 (2020). Furthermore, while a witness may authorize the release of their own grand jury testimony, upon information and belief, that has not been done in this case either.

**6. Plaintiff's *Monell* Claim, Although Severed, Is Ripe for Summary Judgment.** In an order issued in May 2024, this Court severed Plaintiff's *Monell* claim from the rest of this case. Nevertheless, summary judgment is appropriate at this juncture because federal municipal liability is predicated upon a determination that an individual acting "under color of state law" has violated the civil plaintiff's constitutional or federal statutory rights. Because in this lawsuit there are no individually named County defendants, no individual § 1983 liability exists, and by extension, the municipal Defendant cannot be found liable. Moreover, there is no allegation of the existence of any improper County policy, practice or procedure, that caused the alleged violations.

**7. Plaintiff's Claim of Negligent Hiring, Training, and Retention Must Be Dismissed.** Plaintiff's eighth cause of action is clearly and unequivocally refuted by the record.

For the reasons set forth herein, the County Defendant respectfully requests leave to move for summary judgment.

I thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: (via ECF)
All counsel of record