UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOSSEF KAHLON,

        Plaintiff,

-against-

COUNTY OF NASSAU,

        Defendant, and

CÉLINE BOULBEN,

        Defendant/Counterclaim Plaintiff.

**JOINT PRETRIAL ORDER**

Case No. 2:24-CV-02439 (BMC)

    The Parties having conferred among themselves and with the Court, pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

    *Yossef Kahlon v. County of Nassau and Céline Boulben,*
Civil Action 2:24-CV-02439 (BMC)

**Trial Counsel**

    For Plaintiff Yossef Kahlon:

Kevin Kearon
Barket Epstein Kearon Aldea & LoTurco, LLP
666 Old County Rd, Ste 700
Garden City, NY 11530
kkearon@barketepstein.com
(516) 745-1500
(516) 745-1245 (fax)

    For Defendant County of Nassau:

Thomas A. Adams, Nassau County Attorney
By: Ralph J. Reissman, Deputy County Attorney
1 West St
Mineola, NY 11501
RReissman@nassaucountyny.gov
(516) 571-3046 (telephone)
(516) 571-3058 (fax)

1

For Defendant Céline Boulben:

Susan K. Crumiller, Hilary J. Orzick, Julia Elmaleh-Sachs
Crumiller P.C.
16 Court St, Ste 2500
Brooklyn, NY 11241
susan@crumiller.com, hilary@crumiller.com, julia@crumiller.com
(212) 390-8480 (telephone)
(347) 380-8439 (fax)

## Jurisdiction

The parties agree that subject matter jurisdiction is based upon 28 U.S.C. §1331, as this case involves federal causes of action arising under 42 U.S.C. §1983, and 28 U.S.C. §1367, as there are related state law claims arising out of the same case and controversy.

## Claims and Defenses to be Tried

### Plaintiff's Claims

Mr. Kahlon's claim to be tried as against the County of Nassau is for malicious prosecution arising under New York State law, through the doctrine of respondeat superior, for knowingly securing the indictment and prosecution of Mr. Kahlon without probable cause and with malice through the use of materially incomplete presentations of evidence and the withholding of material exculpatory information. *See, e.g., Tardif v. City of New York*, 344 F. Supp.3d 579, 592 (S.D.N.Y. 2018) ("there is no requirement that *respondeat superior* liability be predicated on the conduct of an individual who is named as a defendant in the suit"). *See also Triolo v. Nassau County*, 24 F.4th 98, 110-11 (2d Cir. 2022) (allowing vicarious liability even if agent is individually immune); *Cabble v. City of New York*, 2010 WL 1222035, at *3 (S.D.N.Y. 2010) ("the grand jury's decision to indict depended largely on the credibility of the complaining witnesses," and "[a]ll of the exculpatory evidence … withheld from the grand jury relates to the credibility of the complaining witnesses," such that "had this information caused the jurors to discredit the witnesses' testimony it is reasonable to believe that the grand jury would not have indicted Plaintiff").[1]

Mr. Kahlon's claims to be tried as against Ms. Boulben are for malicious prosecution arising under New York State and federal law and false arrest arising under federal law, because she knowingly furnished law enforcement with false information in order to secure the arrest and prosecution. *See, e.g., Weintraub v. Bd. of Ed.*, 423 F. Supp.2d 38, 55 (E.D.N.Y. 2006) ("While it is true that citizens who furnish information to the police in good faith will not generally be held liable for false arrest when the police exercise independent judgment to arrest a defendant, … [s]uch an action will lie where the [civilian] 'lacked probable cause for their belief in the plaintiff's culpability'"); *Williston v Jack Resnick & Sons Inc.*, 177 A.D.3d 822 (2d Dept. 2019); *Pukhovich v. City of New York*, 2018 WL 4688943, at *12 (E.D.N.Y. 2018). *See also Place v. Ciccotelli*, 121 A.D.3d 1378, 1379-80 (3d Dept. 2014) (furnishing

false information to police satisfies the initiation prong of the claim for malicious prosecution).

At trial, Mr. Kahlon will present an additional claim of conspiracy against Ms. Boulben for entering into an agreement with agents of Nassau County law enforcement to secure the violation of his constitutional rights against false arrest and malicious prosecution. *See, e.g., Jae Soog Lee v. Law Office of Kim & Bae PC*, 530 Fed. Appx. 9 (2d Cir. 2013).

**County of Nassau's Defenses**

Plaintiff's sole remaining claim to be tried as against defendant County of Nassau is for malicious prosecution arising under New York State law, through the doctrine of respondeat superior. To prevail on a malicious prosecution claim under New York law and federal law, a plaintiff must show: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (N.Y. 2000) (internal quotation marks omitted). *Kee v. City of New York*, 12 F 4th 150, 161 (2d Cir. 2021). Khalon cannot meet the third and fourth requirements, since probable cause existed for his prosecution, and he has failed to adduce evidence that any County employee (again, the Compliant fails to name any individual County defendant) acted with malice when the criminal charges were filed against him. Under New York law, malice does not have to be actual spite or hatred but means only "that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996), as amended (May 21, 1996) (citing *Nardelli v. Stamberg,* 44 N.Y.2d 500, 502–03 (1978)). Kahlon has not adduced any evidence that any County employee had any motive other than seeking justice. Thus, summary judgment is proper on these claims.

**Boulben's Defenses**

Plaintiff cannot meet the elements of his federal § 1983 claims against Boulben. As a threshold matter, in order to make out a claim under § 1983, a plaintiff must show a constitutional violation committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks and citation omitted). However, a plaintiff may maintain a § 1983 claim against a private actor if the plaintiff sufficiently alleges that the private actor "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980). But "the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of § 1983." *Lienau v. Garcia*, No. 12 Civ. 6572 ER, 2013 WL 6697834, at *6 (S.D.N.Y. Dec. 19, 2013) (citing *Young v. Suffolk Cnty.,* 705 F.Supp.2d 183, 196 (E.D.N.Y.2010)). Boulben is not a state actor, and the information she provided to the police was true – but, even if it was not, she could not be held liable for these claims under § 1983.

As to malicious prosecution under both federal and state law, "[i]n order for a civilian complainant to be considered to have initiated a criminal proceeding, it must be shown that the complainant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Weiner v. McKeefery*, 90 F.Supp.3d 17, 45 (E.D.N.Y. 2015). Plaintiff cannot establish that Boulben played such a role. Plaintiff also cannot establish that the County of Nassau lacked probable cause to arrest Kahlon nor that Boulben acted with malice.

As to false arrest, again, Plaintiff cannot prevail because the County of Nassau had probable cause to arrest him based on Boulben's good faith and truthful complaint. *See Miro v. City of New York*, No. 95 Civ. 4331 (TPG), 2002 WL 1163580, at *3 (S.D.N.Y. June 3, 2002) (citing *Pierson v. Ray,* 386 U.S. 547 (1967)) ("A claim for false arrest or false imprisonment as an unconstitutional deprivation of civil rights under § 1983 may be established only if there was no probable cause to support plaintiff's arrest and detention.").

Lastly, Plaintiff cannot prevail on his conspiracy claim because Boulben did not enter into an agreement or act in concert with any state actor to cause Plaintiff an unconstitutional injury. *See Aho v. Anthony*, 782 F. Supp. 2d 4, 7 (D. Conn. 2011); *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (To establish the first element, the plaintiff must show "some factual basis supporting a meeting of the minds, such that the defendants entered into an agreement, express or tacit, to achieve the unlawful end.") Furthermore, if Kahlon is unable to prove his malicious prosecution or false arrest claims against defendants, then Kahlon did not suffer a cognizable unconstitutional injury. "[A] § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation." Violation." *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011); *see also Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights").

**Counterclaim: Assault and Battery**

Boulben claims that Kahlon intentionally, and without her consent, physically attacked her, resulting in offensive bodily contact, namely rape. This caused Boulben physical and lasting emotional injury. Kahlon's harmful battery of Boulben resulted in damages for which he is liable.

 Kahlon asserts the following defenses:
  Consent;
  No assault(s) took place;
  Lack of outrageousness; and
  Lack of extreme emotional distress.

**Claims No Longer to be Tried**

Plaintiff has withdrawn his First and Sixth Causes of Action. Defendant Boulben has withdrawn her Second Counterclaim. Plaintiff's Fifth Cause of Action was severed by the Court.

**Jury/Non-Jury**

This case is to be tried by a jury. The estimated number of total trial days is 5-7.

**Trial Before Magistrate Judge**

The Parties do not consent to a trial before the Magistrate Judge.

**Stipulations**

(none)

**Witnesses**

The Parties have agreed to consolidate examinations such that each witness need only testify once. As such, anticipated examinations for each witness are presented below in the consolidated format reflective of the Parties' trial presentations. Defendants are therefore free to call any witnesses on Plaintiff's list during their presentations in the event Plaintiff declines to call them.
The Parties do not concede the substance of any testimony as set forth in the summaries below.

**Plaintiff's Witnesses**

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| Yossef Kahlon will testify as to his interactions with Celine Boulben both before and after she met him at his Great Neck house on January 25, 2021; his interactions with members of the Nassau County Police Department and with members of the Nassau County District Attorney's Office following his meeting with Celine Boulben at his house in Great Neck on January 25, 2021. | | |
| Céline Boulben<br><br>Plaintiff: Boulben will testify about her sexual encounter with Kahlon; that she agreed to be paid for sex with Kahlon; that she agreed to sex with Kahlon, that she later withdrew her consent to have sex with Kahlon; that she initiated intercourse with Kahlon, that upon completion of sex with Kahlon, she complained to him about the amount of | | |

| | | |
|---|---|---|
| money he paid her ($420); that, in spite of Kahlon not knowing her true name and address, and after she left his home in an Uber he ordered for her to take her home, she texted Kahlon her real name, address and bank account information so that he could wire her more money; that she never intended to seek medical attention or go to the police, but did so only after friends encouraged her to do so, one of whom encouraged her to do so because he would pay her money to avoid a criminal case going to trial; that she attempted to cause the medical care professional who saw her at City MD to change her medical records to support a case against Kahlon.<br><br>Defendant Boulben: Series of events leading up to and following January 25, 2021, including but not limited to communications with Kahlon, Boulben's physical and emotional injuries, grand jury testimony, criminal trial, Kahlon's arrest, prosecution and acquittal. | | |
| Aileen Newbold<br><br>Plaintiff: Nassau County Det. Aileen Newbold will testify that she was assigned to investigation of Boulben's complaint of sexual assault; that she spoke with Detective Luis Salazar who informed her that he interviewed Boulben for 90 minutes, did not believe her claim and thought Boulben was making false complaint as a "money grab"; that she was aware that someone on behalf of Boulben contacted "higher ups" in the police department to complain that Salazar was refusing to make an arrest.<br><br>Defendant County of Nassau: Newbold, assigned to the Police Department's Sexual Victims Squad, will testify as to her training and experience investigating | Hearsay (FRE 802) | Defendant Boulben objects to those portions of anticipated testimony soliciting (1) statements by Salazar, and (2) statements about "someone on behalf of Boulben contact[ing] higher ups,'" both of which constitute inadmissible hearsay. |

| | | | |
|---|---|---|---|
| claims of sexual assault and violence; as to her investigation into Boulben's report of being sexually assaulted by Kahlon on January 25, 2021; her interactions with other members of the Nassau County Police Department and the Nassau County District Attorney's Office with respect to Boulben's report of being sexually assaulted by Kahlon on January 25, 2021. | | | |
| Matthew Perry<br><br>Plaintiff: former Nassau County Assistant District Attorney Mathew Perry will testify that he presented case to Nassau Grand Jury resulting in Kahlon's indictment; that he was familiar with entire police investigation, knew that initial detective, Detective Salazar, in the initial investigation refused to make an arrest because of his conclusion that Boulben had credibility problems, didn't allege a crime, and was making financially-motivated false accusations; knew that after her sexual encounter with Kahlon, Boulben: complained about the amount of money she was paid ($420) by Kahlon was inadequate, negotiated for more, revealed to Kahlon her true identity and bank account information so he could wire her more, and chose to conceal all this information from the grand jury by cherry-picking questions to ask Boulben.<br><br>Defendant County of Nassau: Perry, who was assigned to prosecute Celine Boulben's claim that she was sexually assaulted by Yossef Kahlon in his Great Neck home on January 25, 2021, will testify as to his training and experience in prosecuting crimes of sexual assault and violence, his interactions with Det. Aileen Newbold and other members of the Nassau County Police Department and the Nassau County District | | | |

| | | |
|---|---|---|
| Attorney's Office; as to his interactions with Celine Boulben as well as acquaintances of Celine Boulben ("outcry witnesses"); as to his review of Boulben's accusations and the actions he took as the assigned assistant DA; and his presentation of the charges against Yossef Kahlon to a Nassau County Grand Jury. | | |
| Yossi Boniel<br><br>Plaintiff: Boniel will testify that he is a friend of Kahlon's, was living at Kahlon's home at the time of Kahlon's encounter with Boulben, was present for portions of the time of Kahlon's sexual encounter with Boulben, was elsewhere in the house and neither saw nor heard any activity or sounds or voices consistent with any kind of distress, or cries for help of any kind.<br><br>Defendant County of Nassau: Boniel will testify as to his observations while he was present in Yossef Kahlon's house on the date Celine Boulben met with Yossef Kahlon at his home in Great Neck, New York, as to his interactions with Yossef Kahlon on January 25, 2021; and as to his recorded interview with Det. Newbold on November 15, 2024. | Relevance (FRE 402); lack of personal knowledge (FRE 602) | Defendant Boulben objects to this witness as he has no relevant testimony to offer. No evidence adduced suggests that Boulben made sounds of distress that Boniel would have heard if they were made. |

**Defendant County of Nassau's Witnesses**

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| Nassau County Sgt. Carlo Maltempe, Commanding Officer of the Nassau County Police Department's Sexual Victims Squad, will testify as to his training and experience in investigating claims of sexual assault and violence; and will testify regarding the operations of the Nassau County Police Department's Sexual Victims Squad. | | |
| Laura Dorfman (Nassau County Assistant District Attorney, presently as a | | |

| | | |
|---|---|---|
| member of the Nassau County District Attorney's Sexual Victims Bureau) will testify to her training and experience in prosecuting crimes of sexual assault and violence, and to her role as lead prosecutor in Kahlon's criminal trial. | | |

**Defendant/Counterclaim Plaintiff Boulben's Witnesses**

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| Soizic Tietto: "outcry" communications; Boulben's emotional distress. | | |
| Cleo Lallement: "outcry" communications; Boulben's emotional distress. | | |
| Tomina Parvanova Lyden: "outcry" communications; Boulben's emotional distress. | | |
| Smadar Leiserowitz (former treating mental health provider): Boulben's emotional distress. | | |
| Jane Turner (current treating mental health provider): Boulben's emotional distress. | | |
| Dr. Elisabeth Sheff (proposed expert): consent and BDSM practices.[1] | Plaintiff: Consent is not an issue suitable for expert testimony as it is within the realm and experiences of an ordinary juror to determine; there is no uniform set of rules or practices to govern BDSM practices; the parties never agreed to conduct themselves by BDSM rules or practices; the parties never used the term BDSM in their discussions; parties were not engaged in BDSM practices | |

---

[1] Expert discovery remains ongoing, and this witness has not yet been deposed. Plaintiff and Defendant County of Nassau reserve any additional objections accordingly.

**Deposition Transcripts**

**Defendant/Counterclaim Plaintiff Boulben's Designations**

| Testimony | Transcript Designations | Objections/ Cross-Designations |
|---|---|---|
| *People v. Kahlon,* testimony of Yossef Kahlon | 33:7-21; 34:18-22; 35:23-37:17; 37:18-38:18; 40:10-41:7; 43:8-45:11; 47:10-21; 49:14-19; 53:23-54:23; 55:2-10; 55:24-56:7; 56:8-57:1; 57:2-14; 60:13-61:9; 62:23-63:18; 63:22-64:4; 135:15-136:8; 142:4-143:21; 151:25-153:9; 156:5-9; 158:8-159:1; 160:5-23; 161:13-19; 163:4-19; 164:3-165:2; 169:17-170:11; 175:1-12 | |
| Yossef Kahlon, 50-H hearing | 37:1-19; 42:15-21 | |
| Deposition of Yossef Kahlon | 8:19-10:10; 15:10-16:10; 20:24-21:25; 24:8-25:6; 29:15-30:12; 35:6-36:11; 32:1-33:25; 47:14-48:18; 49:2-50:7; 53:2-7; 53:10-24; 66:7-10; 71:10-19; 76:3-18; 84:6-25; 91:22-92:14; 92:22-93:11; 87:3-16; 95:19-96:24; 97:8-98:13; 99:13-17; 107:5-13; 105:20-106:19; 107:25-108:9; 137:20-139:2; 141:19-20; 144:15; 145:6-146:5; 146:21-147:24; 150:15-151:2; 155:5-157:11; 164:14-165:23; 181:11-182:15; 186:18-187:3; 194:20-196:2; 196:5-15; 199:19-200:18; 200:21-201:12; 203:12-16; 203:24-206:11; 206:12-207:3; 209:12-14; 209:15-18; 210:6-21; 212:3-14; 213:5-11; 216:2-14; 226:7-23; 227:14-18; 231:2-3; 231:2-25; 232:8-233:19; 236:15-237:5; 239:24-244:19; 247:25-248:6; 249:22-251:6; 252:9-253:11; 254:17-255:5; 255:4-257:22; 257:23-258:5; 278:21-279:9; 282:13-284:2; 287:4-14; 291:4-14; 294:15-295:6; 303:8-304:2; 304:20-306:19; 308:3-21; 311:11-17; 311:22-312:10; 320:13-321:13; 324:6- | |

|  | 325:6; 326:11-16; 326:17-22; 327:7-10; 327:22-329:10; 331:6-8; 342:2-8; 343:10-15; 373:13-24; 377:6-15; 378:25-379:4; 378:2-4; 387:2-9; 389:13-18; 392:22-393:23; 394:21-22; 420:3; 420:3-23; 319:15-320:2. |  |
|---|---|---|
| Deposition of Soizic Tietto[2] | 11:2-12:9; 12:12-14:24; 16:9-18:16; 20:12-22:23; 23:11-25:18; 26:11-36:13; 37:13-21; 44:22-45:3; 48:15-49:5; 62:2-63:21; 94:3-19 |  |
| Deposition of Cleo Lallement | 4:15-25; 5:2-23; 6:13-9:4; 14:5-25; 15: 2-32:18; 33:4-41:23; 53:17-54:25; 63: 6-13 |  |

**Exhibits**

The parties have agreed that Defendants are free to introduce any admissible exhibits from Plaintiff's list during their presentations in the event Plaintiff declines to introduce them.

**Plaintiff's Exhibits**

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| 1. Transcript of Luis Salazar's testimony in Kahlon's criminal trial | Hearsay (FRE 802) | Salazar is not a witness, and his statements are inadmissible hearsay. |
| 2. Certificate of Disposition evidencing Kahlon's acquittal after criminal trial |  |  |
| 3. Celine Boulben's Medical Records from City MD |  |  |
| 4. Celine Boulben's Medical Records from NY Presbyterian Hospital |  |  |
| 5. Seeking.com texts messages between Kahlon and Boulben |  |  |
| 6. Text messages between Kahlon and Boulben |  |  |
| 7. Boulben Profile and related photos on Seeking.com |  |  |
| 8. Kahlon Profile and related photos on Seeking.com |  |  |

---

[2] Defendant Boulben submits transcript designations for witnesses Tietto and Lallement only in the event that they are unexpectedly unavailable to testify.

11

| | | |
|---|---|---|
| 9. Approximately half dozen photos of Kahlon's home | | |
| 10. Letter to Kahlon from his Board of Directors (with bylaws) removing him from Board because of his arrest | Authenticity (FRE 901); Hearsay (FRE 802) | The exhibit, which is being offered for its truth, consists of a purported email exchange between third parties who are not witnesses. |
| 11. Press Release from Nassau DA's office announcing Kahlon's arrest and soliciting other "victims" | Authenticity (FRE 901); Not Disclosed (FRCP 37[c]) | The proposed exhibit was not disclosed nor produced during discovery and cannot be authenticated. |
| 12. Several newspaper articles reporting Kahlon's arrest | Authenticity (FRE 901); Hearsay (FRE 802); Not Disclosed (FRCP 37[c]) | The proposed exhibit was not disclosed nor produced during discovery and cannot be authenticated. Additionally, it appears on its face to be hearsay. |
| 13. Several text messages between Boulben and others during and after her encounter with Kahlon on date of their encounter | Hearsay (FRE 802); Relevance (FRE 402) | Defendant Boulben objects to messages from third parties as hearsay and irrelevant. |
| 14. Minutes of Boulben Grand Jury testimony | Hearsay (FRE 802) | The exhibit consists solely of prior consistent statements which are inadmissible hearsay (FRE 801[d][1]). |
| 15. Video of Salazar interview of Boulben | | |
| 16. Video of Newbold interview of Boulben | | |
| 17. Matthew Perry Notes | | |
| 18. Luis Salazar Notes | Hearsay (FRE 802) | Salazar is not a witness, and his statements are inadmissible hearsay. |
| 19. Boulben Lab Reports | Authenticity (FRE 901); Hearsay (FRE 802) | The exhibit was created by a third party and is not certified or otherwise authenticated. |
| 20. Kahlon Uber Records | | |

**Defendant County of Nassau's Exhibits**

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| A. Indictment of Yossef Kahlon | | |
| B. Police Department Records | | |

12

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| C. Celine Boulben's Personal Statement Dated January 25, 2021 | | |
| D. Nassau County District Attorney 710.30 Notice | | |

**Defendant/Counterclaim Plaintiff Boulben's Exhibits**

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| E. Complaint | | |
| F. Crime scene photos and video (NC 2974-3097) | | |
| G. Text messages between Boulben and Lyden (CB 256-62) | | |
| H. Text messages between Boulben and Tietto (CB 229-32, 619) | | |

**Relief Sought**

On his claims, Plaintiff seeks compensatory damages for past and future emotional distress and pain and suffering; pecuniary damages from lost income and business opportunities; loss of liberty; attorneys' fees for the criminal defense and instant litigation; attorneys' fees under 42 USC 1988(b); and punitive damages in an amount to be determined by the jury.

On her counterclaim, Céline Boulben seeks compensatory damages in an amount to be determined by the jury, punitive damages in an amount to be determined by the jury, and costs.

**SO ORDERED.**

                                                                                                   U.S.D.J.

Dated: Brooklyn, New York
        January \_\_\_, 2025