

**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

January 16, 2025

Via ECF
Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Kahlon v. County of Nassau, et al.
              Docket No. 24-CV-02439 (BMC)

Your Honor:

This office represents defendant County of Nassau (the "County") in the above-referenced matter. For the reasons set forth below, the County respectfully requests that the Court schedule a Zoom conference as soon as possible to discuss the admissibility of grand jury minutes in connection with the County's motion for summary judgment.

As Your Honor will recall, plaintiff Yossef Kahlon ("plaintiff") commenced this action against the County and codefendant/counterclaimant Celine Boulben ("Boulben") arising out of his arrest on charges of sexual assault. Ms. Boulben claimed in her Counterclaim that plaintiff sexually abused her in his home in his Great Neck, New York home on January 25, 2021. After an intensive investigation into Ms. Boulben's complaint, the Nassau County Police Department arrested plaintiff on August 19, 2021. Plaintiff's criminal case was tried to jury, and he was acquitted on October 10, 2023. Plaintiff then commenced this action.

After completion of discovery, in a Zoom conference held January 2, 2025 Your Honor granted permission for the County to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court directed the County to serve its moving papers upon plaintiff's counsel no later than Monday, January 27, 2025.

Following that conference, plaintiff withdrew all of his claims against the County except for his claim of malicious prosecution under New York state law. As set forth in the parties' proposed Joint Pretrial Order filed this afternoon [DE 33] plaintiff's malicious prosecution claim is based on his contention that the Assistant District Attorney who presented the case to the grand jury intentionally withheld exculpatory evidence. Plaintiff claims that had the ADA presented this allegedly exculpatory evidence, the grand jury would have voted "No True Bill" and thus, he would never have been arrested and brought to trial.

Plaintiff's claim against the County for malicious prosecution and his defense to the County's motion for summary judgment is set forth in the JPTO as follows:

> Mr. Kahlon's claim to be tried as against the County of Nassau is for malicious prosecution arising under New York State law, through the doctrine of *respondeat superior*, for knowingly securing the indictment and prosecution of Mr. Kahlon without probable cause and with malice through the use of materially incomplete presentations of evidence and the withholding of material exculpatory information. *See, e.g., Tardif v. City of New York*, 344 F. Supp.3d 579, 592 (S.D.N.Y. 2018) ("there is no requirement that *respondeat superior* liability be predicated on the conduct of an individual who is named as a defendant in the suit"). *See also Triolo v. Nassau County*, 24 F.4th 98, 110-11 (2d Cir. 2022) (allowing vicarious liability even if agent is individually immune); *Cabble v. City of New York*, 2010 WL 1222035, at *3 (S.D.N.Y. 2010) ("the grand jury's decision to indict depended largely on the credibility of the complaining witnesses," and "[a]ll of the exculpatory evidence … withheld from the grand jury relates to the credibility of the complaining witnesses," such that "had this information caused the jurors to discredit the witnesses' testimony it is reasonable to believe that the grand jury would not have indicted Plaintiff").

In addition, in the JPTO plaintiff lists his trial exhibit No. 14 as "Minutes of Boulben grand jury testimony." Because of the secrecy afforded to grand jury matters, the County is unable to properly move for summary judgment.

As this Court is well aware, grand jury proceedings are secret and, with few exceptions, may not be disclosed unless as part of one's lawful duties, or upon written order of the court. New York Criminal Procedure Law ("C.P.L.") § 190.25(4)(a); *see also Baynes v. Ruderfer*, 234 F. Supp 3d 574, 577 (S.D.N.Y 2017). Thus, to prove his case, Plaintiff must rely upon a document that is statutorily protected against disclosure, and which has not been unsealed through a court order. Pursuant to C.P.L. § 245 discovery Plaintiff was entitled to—and did receive—a copy of the testimony of a witness called to testify during Kahlon's *criminal* trial. That possession, however, did not extend use of the transcript in the context of a *civil* case arising from, or as a result of, criminal proceedings. *See Matter of District Attorney of Suffolk County*, 58 N.Y. 2d 436, 443 (1983) (court has authority to prevent further disclosure or dissemination of Grand Jury testimony).

As the Court of Appeals noted, the secrecy of grand jury proceedings is so seriously regarded, that unauthorized disclosure is punishable as a felony. *Id*. at fn. 6. Consequently, at their recent depositions, neither of the Assistant District Attorney witnesses were able to discuss the grand jury proceedings and were, thus, statutorily prohibited from disproving plaintiff's unfounded claims. Although federal courts are not constrained by the dictates of C.P.L. § 190.25(a)(4), plaintiff has not made application to the state court demonstrating "a particularized need" for release of the grand jury transcripts, nor has he sought an order from

this Court. *See, e.g., Domni v. County of Nassau, et al.*, 2020 WL 7625417, at *6 (2020). Furthermore, while a witness may authorize the release of her own grand jury testimony, upon information and belief, that has not been done in this case either.

  Under these circumstances, without access to the transcript of Ms. Boulben's grand jury testimony, it is impossible for the County to serve its motion for summary judgment on January 27, 2025. To date, plaintiff's counsel has filed o motion in any court for an order compelling the unsealing of the grand jury minutes.

  The County therefore respectfully requests that Your Honor schedule a Zoom conference as soon as possible to determine whether plaintiff gain access to the grand jury minutes. If the Court were to permit plaintiff to utilize these grand jury minutes in opposing the County's motion, since the County has no access to the minute there is no possible way for the County to serve its moving papers by January 27, 2025.

  If the Court is inclined to allow plaintiff to utilize these minutes in opposing the County's motion, the County will need an extension of time beyond January 27, 2025 in order to receive and review the minutes before drafting and serving its motion.

  For the foregoing reasons, the County respectfully requests that the Court schedule a Zoom conference as soon as possible to discuss the unsealing of the grand jury minutes.

  I thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc: (via ECF)
All counsel of record