

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

January 17, 2025

**VIA ECF**
Honorable Brian M. Cogan
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    Kahlon v. County of Nassau et al.
               Docket No.  24-CV-02439 (BMC)

Dear Judge Cogan:

This office represents Plaintiff/Counterclaim Defendant, Yossef Kahlon in the above-referenced action.

We write to make clear that there are no grand jury minutes that we seek to use in this case that were not unsealed in the Nassau County Court, produced in discovery in this case, and which formed the basis of questioning of Ms. Boulben at her deposition without objection from anyone.

As background, on January 16, 2025, Defendant Nassau County, sought permission of this Court for additional time to unseal the Nassau Grand Jury proceedings in connection with the indictment against Yossef Kahlon, under Indictment No. 713N-2021 obtained in June 2021, in addition to an extension of time to file its Summary Judgment motion in order to do so.

On January 17, 2025, this Court, denied the County's application and indicated that for any materials from the Grand Jury proceeding to be used by any party in this proceeding, an order unsealing such proceedings needed to be obtained by whichever party sought their use prior the close of fact discovery in this proceeding.

The Grand Jury materials sought to be accessed both by the County and by Plaintiff, Kahlon, were strictly limited to the grand jury testimony of Defendant-Counterclaimant, Celine Boulben.

I was trial counsel to Mr. Kahlon at the criminal trial.  I was provided in the ordinary course of discovery, a transcript of Ms. Boulben's grand jury testimony as Rosario material.

Such testimony is material in this proceeding as it is claimed in Kahlon's complaint against the County that the County is liable for malicious prosecution, in part, because of the manner in which former Nassau County District Attorney Matthew Perry elicited limited information from Ms. Boulben, in such a way as to conceal from the Grand Jury that Ms. Boulben, who now claims to have been sexually assaulted by Mr. Kahlon, in the immediate aftermath of their sexual encounter and following his payment to her of $420 for her time:

- Expressed disappointment in the amount of the payment
- Negotiated for a larger payment
- After leaving his home in an Uber provided by Kahlon to take her home, disclosed to him for the first time, by text message, her true name and address, her bank name, her bank account name and her bank routing number, all in an effort to be better compensated by the man she now claims raped her.

I sent the parties a copy of Boulben's Grand Jury testimony on August 19, 2024.

Additionally, when, early in these proceedings, the County asked me for a stipulation unsealing the record of the underlying criminal case, with the consent of Mr. Kahlon, I supplied it on July 22, 2024, so the County could freely access the complete criminal file of the Nassau District Attorney's Office, including the transcript of Ms. Boulben's Grand Jury testimony, since the matter had been sealed by operation of law, on account of Mr. Kahlon's acquittal.

I have attached a copy of this stipulation and excerpt a relevant portion of it below:

IT IS STIPULATED AND AGREED, that all records in the custody of the

(1) The Nassau County Police Department,

(2) The Nassau County District Attorney's Office,

**(3) The Supreme Court of the State of New York in and for the County of Nassau,** (emphasis added)

(4) The Nassau County Sheriff's Department

concerning the arrest, criminal prosecution and incarceration of Plaintiff, which are the basis of the within Action, shall be made accessible to the undersigned attorneys for the purpose of the investigation and defense of the within Action, and any subsequent court action, and the information obtained will remain confidential between Plaintiff and the County Defendants, except for those records included in court proceedings and documents filed in connection with the Complaint,

The parties have cooperated with one another successfully over the course of hundreds of emails, phone calls and Zoom meetings and completed numerous depositions successfully with scarcely any need to seek your Honor's intervention or guidance to timely complete fact discovery and the submission of yesterday's JPTO.

At the outset of this case, I was made aware of your Honor's high expectations of parties' respect for the Court's discovery and other deadlines and have endeavored at every moment to meet or exceed them.

With humility, and, in view of the above, I hope you will conclude that I and all the parties have conducted themselves in good faith toward the Court and each other, and otherwise without issue.  To the extent that Nassau County thinks it needs an additional unsealing order to use grand jury transcripts that were already unsealed in County Court, produced in discovery here, and asked about in depositions, then we would respectfully request that the Court reconsider its request in that regard; or more narrowly, that the Court deem unsealed any portion of the transcripts that were unsealed in the County court and exchanged early on in discovery here.

Should you grant this request, no further time will be wasted, as no further proceedings, such as a motion to the trial court, will be necessary since all parties are currently in possession of the transcript.

Thank you.

Sincerely,

Kevin Kearon

cc: (via ECF)
All counsel of record