

**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

January 21, 2025

<u>Via ECF</u>

Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Kahlon v. County of Nassau, et al.
              Docket No. 24-CV-02439 (BMC)

Your Honor:

This office represents defendant County of Nassau (the "County") in the above-referenced matter. The County hereby respectfully submits its opposition to the motion by plaintiff Yossef Kahlon ("plaintiff") [DE 35] for reconsideration of the Court's January 17, 2025, ruling on the County's application for a premotion conference to determine the unsealing of grand jury minutes in connection with defendant County's motion for summary judgment [DE 34]. In denying the County's motion for a premotion conference, the Court ruled, "The County is right that, in order to rely on the sealed grand jury minutes at summary judgment or at trial, plaintiff needed to have unsealed them during fact discovery. *See Anilao v. Spota*, 918 F. Supp. 2d 157, 169-70 (E.D.N.Y. 2013). But that is plaintiff's problem. If plaintiff has not already acquired lawful access to the minutes, the County can assert that in its briefing."

### Legal Standard for Motion for Reconsideration

Motions for Reconsideration are governed by Local Civil Rule 6.3 which requires a movant to proceed by way of a notice of motion and memorandum of law "setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."

### Argument

Aside from Plaintiff's motion not being in the proper format, his motion should be denied on the merits because it did not point to any matter or controlling decision that was overlooked by the Court. Plaintiff contended that (a) criminal defense counsel/Plaintiff's civil counsel received the grand jury minutes in the course of Kahlon's criminal case, thereby "unsealing" the minutes for all purposes; and (b) the parties in this civil action stipulated to the release of the District Attorney's Office's files, and that this stipulation included the subject grand jury material. In addition to being unsupported, Plaintiff's arguments are factually incorrect and do not contravene the legal authority cited by the County.

At the outset of his motion, Plaintiff's counsel "make[s] clear that there are no grand jury minutes that [he] seek[s] to use in this case that were not unsealed in Nassau County Court [or] produced in discovery in this case." Plaintiff's premise is flawed *ab initio*. The subject grand jury minutes were not unsealed in Nassau County Court. On the contrary, they were required to be produced as part of the District Attorney's Office's statutory discovery obligations in *People v. Yossef Kahlon* (*see* Criminal Procedure Law § 245) which was tried in Nassau County Court. Thus, the minutes were never "unsealed" as Plaintiff claims. Furthermore, as the County stated in its pre-motion conference letter dated December 16, 2024, [DE 23]—to which Plaintiff did not object or contradict—supplying the grand jury minutes to defense counsel in the context of a criminal proceeding did not extend the use of the document to a subsequent civil case arising from the criminal proceedings. *See Matter of District Attorney of Suffolk County*, 58 N.Y. 2d 436, 443 (1983) (court has authority to prevent further disclosure or dissemination of grand jury testimony). It is noteworthy that Plaintiff did not cite to any legal authority to support his conclusory presumptions that once disclosed in the context of a criminal proceeding, grand jury materials can be utilized for civil cases, nor has he demonstrated that *Matter of District Attorney of Suffolk County* is not the controlling authority on this issue. To the extent that Plaintiff's counsel produced a copy of grand jury minutes in this civil action, he did so under a mistaken belief that the document was unsealed.

There are several other reasons justifying the denial of Plaintiff's motion for reconsideration. First, Plaintiff's counsel, Kevin Kearon, Esq. erroneously represented, "[W]hen, early in these proceedings, the County asked me for a stipulation unsealing the record of the underlying criminal case, with the consent of Mr. Kahlon, I supplied it on July 22, 2024, so the County could freely access the complete criminal file of the Nassau District Attorney's Office, including the transcript of Ms. Boulben's Grand Jury testimony, since the matter had been sealed by operation of law, on account of Mr. Kahlon's acquittal."

Notwithstanding the stipulation, no grand jury material or transcript was turned over by the County in civil discovery because of the statutory protections afforded to those materials.[1] *See, e.g.,* Criminal Procedure Law § 190.25(4)(a) and Penal Law § 215.70. Although secrecy of grand jury proceedings is "not absolute, a presumption of confidentiality attaches to the record of Grand Jury proceedings." *James v. Donovan*, 130 A.D.3d at 1036 (citing *People v. Fetcho*, 91 N.Y.2d 765, 769 [1998]; *People v. DiNapoli*, 27 N.Y.2d 229, 234 [1970]). This presumption can only be overcome by Kahlon demonstrating a "compelling and particularized need for access" to the grand jury material being sought. *People v. Robinson*, 98 N.Y.2d 755 (2002); *People v. Fetcho*, 91 N.Y.2d at 769. If that burden is met, the *trial court* must determine whether the public's interest in disclosure outweighs its interest in secrecy. If it determines the former, it may—in its discretion—direct disclosure. *People v. Robinson*, 98 N.Y.2d at 755; *People v. Fetcho*, 91 N.Y.2d at 769; *People v Donovan*, 130 A.D.3d at 1037.

There must be no mistake that—in the instant case—Plaintiff has failed on the first prong of the two-step procedure. Not only has he not made a showing of a "compelling and

---

[1] An explanatory affidavit was prepared for this submission. However, Defendant is mindful of the recent amendments to Local Civil Rule 6.3 which prohibit the filing of affidavits unless directed by the Court. Should the Court request the affidavit, same shall be filed forthwith.

particularized" need for access to the trial court, but he has also made no attempt whatsoever to follow the statutorily mandated procedure to legally obtain the transcripts.

Moreover, in the instant motion, Plaintiff's counsel stated, "I have attached a copy of this stipulation and excerpt a relevant portion of it below," but he failed to inform the Court of the third page—his client's Authorization to Unseal—which explicitly *excluded* grand jury minutes from disclosure in this civil action. Plaintiff's Authorization to Unseal provided in relevant part that all records in the possession of, *inter alia,* the Nassau County District Attorney "concerning the criminal charges, prosecution, trial and imprisonment which is the basis of the Action" shall be provided "*excluding any Grand Jury minutes which may exist, all of which records may be deemed confidential pursuant to Criminal Procedure Law Section 720.35.*" (emphasis added). A copy of the Authorization is annexed hereto as Exhibit "A."

Next, the County's position on the grand jury minutes should come as no surprise to Plaintiff's counsel. Not only did we point out in the County's request to file a motion for summary judgment [DE 23] that the minutes were sealed, but we also objected on that same basis to Plaintiff's inclusion of this document as a trial exhibit in his portion of the Joint Pre-Trial Order. Even before that, the undersigned and a representative of the District Attorney's Office discussed the sealed status of the grand jury minutes with Plaintiff's counsel on the record during the deposition of ADA Dorfman and off-the-record just prior to commencing the deposition of former Nassau ADA Perry. More particularly, Plaintiff's counsel was informed that Penal Law § 215.70 prohibited the prosecutors from discussing anything related to the grand jury presentation and that objections would be interposed to any such line of questioning. A copy of the colloquy between counsel, found at pages 70-76 of ADA Dorfman's deposition transcript, is annexed hereto as Exhibit "B."

Accordingly, Plaintiff's counsel was clearly aware of the County's position while discovery was ongoing and had an opportunity to take the necessary steps to unseal the documents or, alternatively, to seek a ruling from this Court. The fact that he chose not to do so within the permissible time frame should not inure to his benefit.

For the reasons set forth above, it is respectfully requested that Plaintiff's motion for reconsideration be denied in its entirety, and that the Court's January 17, 2025, summary order remain in effect.

I thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

Enclosures
cc: (via ECF)
All counsel of record

**EXHIBIT A**

## AUTHORIZATION TO UNSEAL RECORDS

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

YOSSEF KAHLON, being duly sworn, deposes and says:

I am the plaintiff in the court action entitled *Yossef Kahlon v. County of Nassau, et al.*, Docket No. 24-CV-02439 (BMC) in the United States District Court for Eastern District of New York (hereinafter, the "Action"). I hereby grant the Nassau County Attorney's Office the right to unseal and secure copies of all records which may be deemed confidential pursuant to Criminal Procedure Law Section 720.35, in the custody of the Nassau County Police Department, the Nassau County District Attorney's Office, the Supreme Court of the State of New York in and for the County of Nassau, and the Nassau County Sheriff's Department, concerning the criminal charges, prosecution, trial and imprisonment which is the basis of the Action, excluding any Grand Jury minutes which may exist, all of which records may be deemed confidential pursuant to Criminal Procedure Law Section 720.35. These records may be unsealed solely for the purpose of the instant matter and any ensuing litigation, and the information will remain confidential between all parties and their respective counsel.

_____
YOSSEF KAHLON

Sworn to before me this

12 day of June 2024

_____
NOTARY PUBLIC

KAMEKO CRAIG
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01CR6411805
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 12/07/2024

3

# EXHIBIT B

```
                                                              1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
YOSSEF KAHLON,

                Plaintiff,

                            Case No.
                            24-CV-02439(BMC)
    -against-

COUNTY OF NASSAU, JOHN/JANE DOE Members of
The Nassau County District Attorney's
Office, CELINE BOULBEN and JOHN/JANES DOE
"#METOO," ORGANIZATION(S)

                Defendants.
---------------------------------------X
CELINE BOULBEN,

                Counterclaim-Plaintiff,

    -against-

YOSSEF KAHLON,

                Counterclaim-Defendant.
---------------------------------------X
                        1 West Street
                        Mineola, New York


                        December 4, 2024
                        10:35 a.m.

    DEPOSITION of LAURA DORFMAN, a Non-Party

Witness herein, taken by the Plaintiff,

pursuant to Federal Rules of Testimony, held

at the above-mentioned time and place,

before Dolly Fevola, Notary Public of the

State of New York.
```

```
                                                                2

     A P P E A R A N C E S :


     BARKET EPSTEIN ALDEA KEARON & LOTURCO, LLP
          Attorneys for the Plaintiff
          666 Old Country Road
          Suite 700
          Garden City, New York 11550
     BY:  KEVIN KEARON, ESQ.


     CRUMILLER P.C.
          Attorneys for the Defendant
          16 Court Street
          Suite 2500
          Brooklyn, New York 11241
     BY:  INGRID FERNANDEZ, ESQ.


     NASSAU COUNTY ATTORNEY'S OFFICE
          Attorneys for the Defendant,
          COUNTY OF NASSAU
          1 West Street
          Mineola, New York 11501
     BY:  RALPH REISSMAN, ESQ.
          LIORA BEN-SOREK, ESQ.
```

```
                        L. Dorfman              70
```

1
2   A    Correct.
3        MR. KEARON:  This is not a
4   question.  This is just a statement
5   for the record.  There has been an
6   off-the-record conversation where I
7   was given notice by counsel for the
8   witness that to the extent that I
9   ask questions about the testimony,
10  specific questions about the
11  testimony of Ms. Boulben in the
12  grand jury that the County will both
13  object for reasons that I suspect
14  they will make clear on the record
15  in a few moments, and direct the
16  witness not to answer.
17       So rather than me go through
18  the fruitless exercise of asking a
19  dozen questions and having a dozen
20  such directions given, it seems to
21  me it would be expedient to flush
22  those issues now.  So to do so I
23  will outline what my intention is
24  and we'll see what the County's
25  response is.

```
1                    L. Dorfman            71
2         My intention was to ask this
3    witness about her knowledge of the
4    grand jury testimony of Celine
5    Boulben, including as it relates to
6    whether or not there were
7    inconsistencies in various accounts
8    she gave, as well as to ask her
9    whether she had -- meaning the
10   witness -- whether she had
11   conversations with her predecessor
12   on the matter, former Nassau ADA
13   Matt Perry or others, about the
14   fairness of the grand jury
15   proceedings or whether there were
16   discussions about the delivered
17   concealments of facts from the grand
18   jury.  Not by her.  She wasn't even
19   an employee of the office at the
20   time the grand jury proceedings took
21   place in or about June of 2021.
22         And just in general terms I've
23   been told by Mr. Reissman and Ms.
24   Ben-Sorek that they take the
25   position that this is improper
```

L. Dorfman                72

1  testimony to be elicited due to
2  certain grand jury sealing issues
3  that I'm sure they will identify.
4      And to save time I'll establish
5  my position that I think it's
6  improper to direct this witness not
7  to answer such questions. Our
8  position is these minutes were
9  unsealed by virtue of them having
10 been disclosed by the Nassau DA's
11 office to Mr. Kahlon and his counsel
12 in connection with their discovery
13 obligations in the case, that, in
14 fact, we received these minutes from
15 the District Attorney's Office and
16 at that moment by operational law
17 they became unsealed so that these
18 questions are proper.
19     I've done my best to
20 characterize the issue. Mr.
21 Reissman you want to state your
22 position for the record?
23     MS. BEN-SOREK: Can we go Off
24 the record a second?

```
                      L. Dorfman                  73
```

MR. KEARON: I don't want to go off the record anymore.

MS. BEN-SOREK: Okay. No, I just wanted to clarify one thing.

MR. KEARON: Briefly off the record.

(At this time, a brief discussion was held off the record.)

MR. REISSMAN: My response is going to be, Mr. Kearon, ask the question and the County will object and direct the witness not to answer for reasons I will make clear in the initial question.

MR. KEARON: Okay. So I'll ask the questions I intended to ask and you can raise objections as you see fit.

MR. REISSMAN: You have any interest in getting a ruling from the judge on this because he's going to make us do it in writing.

MR. KEARON: No.

Q   Ms. Dorfman, having recently

```
 1                    L. Dorfman              74
 2    reviewed the grand jury testimony of Ms.
 3    Boulben, would you agree that she did not
 4    disclose to the grand jury anything about
 5    her expressing dissatisfaction with the
 6    amount of the payment that she received from
 7    Mr. Kahlon?
 8              MR. REISSMAN:  I'm going to --
 9              MS. FERNANDEZ:  Objection as to
10         form.
11              MR. REISSMAN:  I'm going to
12         object to this question and direct
13         the witness not to answer because
14         the grand jury minutes are under
15         seal and although they were
16         disclosed in the criminal case to
17         the District Attorney's Office they
18         are not subject to disclosure in a
19         civil case under criminal procedure
20         law 190 so I direct the witness not
21         to answer any questions about the
22         contents or her understanding of the
23         contents of the grand jury minutes
24         which Mr. Kearon is referring to.
25              Thank you.
```

```
                              L. Dorfman                    75
```

1  
2  MR. KEARON: We acknowledge
3  that grand jury proceedings are
4  generally secretive but the law
5  provides under certain
6  circumstances, at least for certain
7  aspects, certain testimony in grand
8  jury to become unsealed by virtue of
9  its mandatory disclosure during the
10  criminal proceedings as was the case
11  here.
12      The very testimony or
13  transcript of testimony that I'm
14  referring to we received from the
15  Nassau DA's office during the course
16  of the criminal case.
17      I believe your direction to the
18  witness not to answer this question
19  is improper or unfounded but
20  otherwise I will continue asking a
21  limited series of questions in this
22  regard and you can object and direct
23  accordingly.
24      MR. REISSMAN: Duly noted.
25  Thank you. I just wanted to add as

```
                          L. Dorfman                    76
 1
 2        part of my objection that the
 3        release of the grand jury minutes in
 4        the criminal case does not cross
 5        over to the civil case and our
 6        stipulation to unseal the records
 7        for the civil case expressly
 8        excludes privileged material,
 9        otherwise privileged material and
10        otherwise sealed materials which are
11        not producible in the civil case.
12        Thank you.
13        Q    Ms. Dorfman, did you become
14   aware at some point in time that Ms. Boulben
15   in her testimony to the grand jury failed to
16   reveal to the grand jury that she revealed
17   her true name to Mr. Kahlon by text in the
18   aftermath of their encounter?
19             MR. REISSMAN:  I object and
20        direct the witness not to answer for
21        reasons previously stated.
22        Thank you.
23             MR. KEARON:  And I'll repeat
24        and reiterate my previous statements
25        in connection with your last
```