CRUMILLER P.C.

February 3, 2025

*VIA ECF*
Honorable Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

RE: *Kahlon v. County of Nassau, et al.,* Case No. 24-CV-02439; Oral Argument Requested

Dear Judge Cogan,

This letter is respectfully submitted in response to Plaintiff's January 31, 2025, letter, purporting to discontinue his federal claims and requesting a remand to state court.[1] We ask that dismissal be granted only if the Court retains supplemental jurisdiction over the remaining claims, or, in the alternative, upon an award of attorney's fees and costs against Plaintiff.

## I.   Relevant Background

On February 28, 2024, Kahlon filed this action in New York State Supreme Court (*Kahlon v. County of Nassau, et al.* Index. No. 603545/2024), accusing defendants County of Nassau and Céline Boulben of conspiracy, malicious prosecution, and fabrication of evidence. The basis was that Boulben had reported to the police that Kahlon had violently raped her, and he had subsequently been criminally prosecuted and acquitted. In the lawsuit and a press conference held the same day, Kahlon publicly revealed Boulben's identity.

On April 1, 2024, Boulben appeared by counsel, interposed a counterclaim for assault and battery, and removed the action to this Court. On May 30, an initial conference was held. Fact discovery proceeded over the next nine months: tens of thousands of pages of discovery were exchanged, and 10 witnesses were deposed over 13 dates. On January 2, 2025, a premotion conference was held to discuss summary judgment briefing. That day, Plaintiff's counsel confirmed intent to proceed with "all claims" against Boulben. *See* **Ex. 1**. On January 16, the Court held that Plaintiff had failed to take the steps necessary to unseal certain grand jury minutes he sought to introduce - key evidence in his case. That same day, the parties submitted their proposed Joint Pretrial Order ("JPTO"). On January 23, a pretrial conference was held and trial dates selected; the Court also reiterated that the grand jury minutes were inadmissible and ordered Plaintiff to submit a letter explaining the basis of his federal claims, which were not apparent from the JPTO. On January 31, instead of doing so, Plaintiff simply wrote that he will "proceed[] as against the defendants only on the state law claims" and requested the matter be remanded to State Court. To be clear, Plaintiff's only remaining state law claim is for malicious prosecution, which is identical to the federal malicious prosecution claim he seeks to withdraw.[2]

---

[1] Since Plaintiff cannot unilaterally dismiss his claims at this point, his letter appears to be a request for an order of dismissal pursuant to FRCP 41(a)(2). Plaintiff did not specify, but it appears that dismissal with prejudice is sought.
[2] "[A] claim of malicious prosecution brought under § 1983 is governed by state law." *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995).

Defendant Boulben anxiously awaits a resolution to this litigation. Currently, because an online search of her name yields derogatory information about the rape and these litigations, *see* **Ex. 2**, she has been forced to curtail her efforts to seek professional opportunities. As a result, she cannot afford rent and has been couch-surfing with friends and family in France. Terrified, she left New York as a result of the rape, this lawsuit, and the press. Delays are more harmful to her than the typical harm of litigation delays, insofar as she is desperately awaiting to clear her name and move on from the ongoing retraumatization of this litigation.

## II. Argument

A Court may order dismissal "on terms that the court considers proper." FRCP 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* Dismissal should not be granted if defendants will suffer substantial prejudice as a result. *Steinmetz v. Fin. Recovery Servs., Inc.*, No. 21 Civ. 05981 (BMC), 2022 WL 2441239, at *4 (E.D.N.Y. July 5, 2022) (citing *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.,* No. 01 Civ. 9649 (JFK), 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006). To analyze prejudice, courts must consider "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990). Dismissal should be denied where it is apparent that plaintiff is seeking to withdraw claims "solely for the purpose of switching to a more favorable forum." *Bielski v Royal Plumbing & Heating Corp.*, No. 06 Civ. 6542 (BMC), 2009 WL 234623 (E.D.N.Y., Jan 31, 2009).

If all the claims over which a district court has original jurisdiction have been dismissed, the district court has the discretion to decide whether to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009). The court must balance "the traditional values of judicial economy, convenience, fairness, and comity." *Kolari v. New York-Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006). The extent of litigation that has transpired is a major factor. *See Catzin v. Thank You & Good Luck Corp.,* 899 F.3d 77, 81-82, 85-86 (2d Cir. 2018) (reversing district court's decision to decline supplemental jurisdiction when federal claims were dismissed on "the eve of trial"); *Raucci v. Town of Rotterdam,* 902 F.2d 1050, 1055 (2d Cir. 1990) (affirming district court's decision to retain jurisdiction where the case was ready for trial); *Purgess v. Sharrock,* 33 F.3d 134 (2nd Cir. 1994). To decline supplemental jurisdiction would "actively work against" those values in cases where the Court has expended significant effort, including extensive discovery and motion practice. *Europe v. Equinox Holdings, Inc.,* No. 20 Civ. 7787 (JGK), 2023 WL 172205, 2023 U.S. Dist. LEXIS 5586 (S.D.N.Y. Jan. 11, 2023) citing *Zap Cellular, Inc. v. Weintraub,* No. 15 Civ. 6723 (PKC) (VMS), 2022 WL 4325746, at *12 (E.D.N.Y., Sep. 19, 2022). The fourth factor, comity, requires courts to assess whether there are novel or unique state law issues which would warrant remand to state court. *E.g., Schweitzer v. Dep't of Veterans Affs.*, 23 F. App'x 57, 60 (2d Cir. 2001) (upholding district court's decision to exercise supplemental jurisdiction where "[n]either fairness nor judicial efficiency would have been furthered if the District Court had declined to address the merits of the state claims, since the court merely applied settled law and did not resolve any 'novel or unsettled issues of state law'"); *Mauro v. S. New England Telecomms., Inc.,* 208 F.3d 384, 388 (2d Cir. 2000) (upholding district court's decision to retain

jurisdiction over supplemental state claims where declining to do so "would have furthered neither fairness nor judicial efficiency" and the state claims did not require the resolution of "any novel or unsettled issues of state law").

Here, if the Court orders dismissal pursuant to FRCP 41(a)(2), the Court should also order that it is retaining supplemental jurisdiction over the remaining claims. All of the balancing factors under *Zagano* and *Kolari* militate in favor of such. After extensive litigation, Plaintiff only brought this motion when backed into a corner by the Court's order that he articulate the basis for his claims. Plaintiff has failed to do so; indeed, dismissal is only being sought because Plaintiff could not articulate any basis for Boulben to be deemed a "state actor." Even still, Plaintiff intends to withdraw his federal malicious prosecution claim because it lacks merit but to continue pursuing the identical state law claim, while knowing full well that it similarly lacks merit.[3] Judicial economy would require Plaintiff to continue the instant litigation rather than doubling back for no apparent purpose but to seek a more sympathetic audience. It would be wholly unfair to grant Plaintiff a new opportunity at the eleventh hour to prove the very claim he has already effectively conceded he cannot prove. Furthermore, the Court is fully steeped in the facts and issues of this case, and it would undoubtedly take the state court judge months to catch up substantively. Lastly, the existence of Boulben's counterclaim is notable; fairness requires that Boulben be permitted to continue this litigation without any unnecessary delay.[4]

In the event the Court orders dismissal and, in spite of all other factors, chooses to remand this case to state court, it is respectfully requested that the order include certain terms: (1) Plaintiff should pay our attorney's fees and costs, and (2) any future case must be filed in New York County, where Boulben resided at the time this case was commenced, pursuant to CPLR § 503. "In the context of a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2), courts have both statutory and inherent powers to award attorneys' fees." *Excess Ins. Co. v. Odyssey Am. Reinsurance Corp.*, No. 05 Civ. 10884 (NRB), 2007 WL 7682617, at *2 (S.D.N.Y. Nov. 29, 2007); *see also Segreti v. DeIuliis*, 263 A.3d 441, 444 (D.C. 2021) ("the trial court has authority to impose terms, such as payment of fees and costs, to protect defendants from being unduly prejudiced by the granting of voluntary dismissal.").[5] Counsel has been defending against Kahlon's claims *pro bono*, and it was only our ability to remove the action to this Court that enabled us to do so. As of today's writing, our firm has spent a total of 973.5 hours on this matter, with $9,036.51 in expenses. Additionally, Plaintiff's counsel does not regularly litigate in Nassau County, which is of significant geographic distance from our office and where Boulben will be staying during trial, and litigating this case in Nassau County would pose significant logistical inconvenience.

---

[3] Because Kahlon's state law claim is identical to its federal counterpart, as it relates to the "comity" factor, there is no novel state law issue which would warrant remand to state court.

[4] A lack of sufficient resources in New York State Court often results in exorbitant delays for litigants which are especially difficult for sexual assault survivors. Defendant County of Nassau is entitled to file his motion for summary judgment; we would not expect a decision for months or even years. Nor can further delays be avoided with the prompt filing of a Note of Issue. We submit four recent examples from our firm's state court docket. In one case, plaintiff's then-counsel filed a Note of Issue in 2018. In 2020, the parties received notice they were on a trial "waitlist." Thereafter, a settlement conference was scheduled – in 2024. In another case, a Note of Issue was filed in 2019. The parties waited over four years for a trial date before settling in 2023. Today, our firm is waiting for trial dates in cases in which we filed Notes of Issue in 2021 and 2023.

[5] "Federal courts also retain inherent power to sanction attorneys and award fees." *Excess Ins. Co.* at *2 citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 (1991) ("Indeed, [t]here are ample grounds for recognizing ... that in narrowly defined circumstances federal courts have inherent power to assess attorneys' fees against counsel. . .").

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/                              /s/

Julia Elmaleh-Sachs and Susan K. Crumiller