UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   YOUSSEF KAHLON,                                         :   **MEMORANDUM DECISION AND**
                                                            :   **ORDER**
                                   Plaintiff,       :
                                                            :   24-cv-2439 (BMC)
                 - against -                      :
                                                            :
   COUNTY OF NASSAU, *et al.*,                              :
                                                            :
                         Defendants.      :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Youssef Kahlon requests that the Court dismiss his two remaining federal claims against defendant Celine Boulben and subsequently remand this action to state court. Boulben opposes and, alternatively, seeks attorneys' fees and costs if the case is remanded. There is no question that Kahlon may withdraw the claims at issue; it has become increasingly clear that he cannot satisfy the color-of-state-law requirement imposed by 42 U.S.C. § 1983. And, with all federal claims accordingly dismissed, the factors guiding my discretion lead me to conclude that the Court should decline to exercise supplemental jurisdiction over what remains of the case. Thus, Kahlon's requests are granted, and Boulben's are denied.

## BACKGROUND

      Kahlon's suit seeks retribution for what he alleges was an unfounded state criminal prosecution against him. His complaint paints a grand conspiracy between Boulben and a shadowy cabal of local prosecutors, law enforcement officers, and victim-rights organizations. Specifically, Kahlon claims that Boulben's conspirators directed her to file a false report that he sexually assaulted her, spawning the indictment and ensuing proceedings.

Kahlon and Boulben met on a dating website, "Seeking Arrangements," designed to match young women with wealthy older men. The pair exchanged messages and eventually agreed to meet at Kahlon's Long Island home. Kahlon alleges that "they cooked and enjoyed pleasant conversation for hours before both agreeing to slip away to his bedroom." Boulben, on the other hand, alleges that Kahlon violently raped, tortured, and beat her for hours. In the following days, Boulben went to urgent care and then the Nassau County District Attorney's Office, which used her report to procure a grand jury indictment against Kahlon. A jury ultimately acquitted him on all charges.

A few months after trial, Kahlon filed this suit in the Supreme Court of the State of New York for Nassau County, bringing § 1983 and state-law claims for malicious prosecution, false arrest, and conspiracy against Boulben, the County, unnamed members of the Nassau County District Attorneys' office, and unnamed "#MeToo Organizations." According to Kahlon, Boulben was perfectly content with their encounter. But then, prompted by conversations with friends, the MeToo organizations, and higher-ups in the Nassau County District Attorney Office, she decided accuse Kahlon of rape to extort a settlement from him.

Boulben filed an answer in state court shortly afterwards. The answer contained two state-law counterclaims – one for assault and battery, and the other for intentional infliction of emotional distress. In support, she detailed her harrowing version of the events, her struggles to bring Kahlon to justice, and her emotional trauma caused by Kahlon's "campaign of lies, extortion, disparagement, harassment, intimidation, and maliciousness" throughout the entire process.

Boulben simultaneously filed a notice of removal, and the case came before the undersigned. At the close of discovery, both the County and Boulben requested a premotion

conference on prospective motions for summary judgment, which Kahlon naturally opposed. Boulben's letter in support relied heavily on Kahlon's lack of proof that Boulben played "an active role" in the prosecution and that Boulben acted "in concert" with any state actor. After the parties discussed the merits of the motions at the conference, Kahlon sought to withdraw all claims against the County except for the state malicious prosecution claim, and Boulben informed the Court that she no longer intended to move for summary judgment.

The Court then held a pretrial conference, in advance of which the parties submitted a Joint Pretrial Order disclosing their proposed trial exhibits, witness lists, and deposition designations. Upon reviewing the Order, the Court noticed an issue with Kahlon's case. Kahlon listed evidence indicating, at least in his view, that Boulben may have lied to the detectives and therefore "initiated" the prosecution against him for the purposes of a state malicious prosecution claim. See Weintraub v. Bd. of Educ., 423 F. Supp.2d 38, 55 (E.D.N.Y. 2006). Yet he had no evidence that she was somehow engaged in a "joint activity" with the law enforcement officers, which he must show to establish that she acted under "color of state law" for purposes of his § 1983 claims. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (cleaned up).

The Court probed the parties on this point at the pretrial conference. Kahlon's counsel asked for more time to research the issue. Boulben's counsel took a different tact. Abandoning the position she took in her premotion letter, she argued that there was an issue of fact as to whether Boulben acted jointly with state officials. What facts might support a finding of concerted action, however, she could not explain.

Kahlon's counsel, after researching the state action question, filed a letter asking the Court to dismiss his § 1983 claims and to remand the case to state court in Nassau County.

Boulben filed a letter in opposition and seeking attorneys' fees if the Court does remand. And the County has filed its motion for summary judgment. I resolve Kahlon's and Bouldben's motions here.

## DISCUSSION

### I. Kahlon's remaining federal claims are dismissed

I begin with Kahlon's request to withdraw his § 1983 claims against Boulben. "The Second Circuit has not resolved the issue of whether the proper vehicle for a plaintiff's voluntary dismissal of some claims, instead of the entire action, is Rule 15 or Rule 41(a)." Martinenko v. 212 Steakhouse, Inc., No. 22-cv-00518, 2024 WL 4766912, at *1 (S.D.N.Y. Nov. 13, 2024) (cleaned up). Regardless, the standard is the same. See Seidman v. Chobani, LLC, No. 14-cv-04050, 2016 WL 1271066, at *2 (S.D.N.Y. Mar. 29, 2016). A court should weigh five factors: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990).[1]

Upon careful consideration of the Zagano factors, I conclude that dismissal of Kahlon's § 1983 claims is warranted. Importantly, the fifth factor weighs heavily in favor of dismissal here because, as the parties and the Court discussed at the pretrial conference, discovery made clear that Boulben was straightforwardly not acting under "the color of state law" and therefore is not subject to suit under § 1983. For a court to consider a private party a state actor, the party

---

[1] Sometimes, courts use a different test to evaluate whether a plaintiff can withdraw claims without prejudice. See Martinenko, 2024 WL 4766912, at *2. Because Kahlon is seemingly requesting that the Court dismiss his claim *with* prejudice, that test is inapplicable here.

4

must have been "a willful participant in a joint activity with the state." Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). Once Kahlon realized he could not establish that connection, he presumably decided to withdraw the claim rather than waste the parties' and the Court's resources litigating it.

The other four factors, by contrast, do not cut strongly in either direction. There will be no "duplicative expense of prelitigation" because the Court will dismiss the claims with prejudice. Nor was Kahlon slow in moving to dismiss. Of course, he could have requested dismissal of the federal claims a month earlier, at the close of fact discovery, but it's not unreasonable that he needed time to review his evidence and compare it to Boulben's.

Moreover, if there was any delay in seeking dismissal of the federal claims, it was not solely attributable to plaintiff. Boulben knew just as well or better than plaintiff that she was not a state actor; she could have sought summary judgment on that basis instead of acting playing it both ways in an effort to stay in federal court. Indeed, when the Court raised this issue at the pretrial conference, Boulben took the fairly ridiculous position that there were "issues of fact" as to whether she was a state actor, showing her desperation, even though plaintiff had identified no facts suggesting she was a state actor and Boulben certainly wasn't going to proffer any that would expose her to a § 1983 claim – an exposure that she otherwise did not have.

Boulben also does not identify why this dismissal was a vexatious tactical move by Kahlon. She faults him for withdrawing the malicious prosecution claim despite pursuing an "identical state law claim," but the state law malicious prosecution claim is not identical to its federal counterpart, and the distinction makes a difference here. Kahlon need not show that Boulben was, or was acting jointly with, a state actor to prevail on his state claim. See Williston v. Jack Resnick & Sons, Inc., 177 A.D.3d 822, 110 N.Y.S.3d 307 (2nd Dep't 2019). Thus,

because the under-color-of-state-law element was the missing link in his federal claim, it is perfectly consistent that he maintains his state claim. Finally, although the case is nearly ready for trial, that factor does not outweigh the considerations supporting dismissal. Much of the discovery that Boulben adduced on the federal claims will be relevant to the state malicious prosecution claim.

Boulben, invoking Rule 41(a)(2), also suggests that I cannot dismiss Kahlon's federal claims because she has already pleaded a counterclaim, and an "action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). But this is no bar to withdrawing the baseless federal claims. Even if Rule 41 governs the dismissal of discrete claims, subsection (a)(2) clearly concerns only the dismissal of an entire action. Boulben's counterclaims remain "pending for adjudication" along with plaintiff's other state claims. Id. Whether that adjudication occurs in state court is a wholly separate issue, which I can now address.

## II. The Court declines to exercise supplemental jurisdiction over the remaining state claims

Having whittled the case down to only the state claims, I turn to the issue of subject-matter jurisdiction. It is undisputed that the Court has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a). Plaintiff has not, for instance, amended his complaint to remove all claims over which the Court has original jurisdiction. See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. ___, 2025 WL 96212 (Jan. 15, 2025). Rather, he has merely voluntarily dismissed his federal claims. It is also undisputed that the Court may decline to exercise supplemental jurisdiction because it has now dismissed "all claims over which it has original jurisdiction." Id. § 1367(c)(3). The parties dispute only whether I *should* decline to exercise jurisdiction. Guiding my discretion is another multi-factor balancing test, set forth by the

6

Supreme Court in Gibbs, requiring courts to balance "judicial economy, convenience, fairness, and comity." Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)).

Here, the Gibbs factors steer me towards remand. The Second Circuit has made clear that, generally, "if [all] federal claims are dismissed before trial . . . the state claims should be dismissed as well." Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004). Indeed, "courts regularly dismiss state-law claims once a motion for summary judgment disposes of all federal claims." Muslim v. Sagamore Children's Psychiatric Ctr., No. 22-cv-07850, 2024 WL 3431959, at *12 (E.D.N.Y. July 15, 2024). Yet concluding that there are no remaining federal claims is not the end of the inquiry; otherwise, § 1367(c)(3) would not be discretionary at all. I must go on to assess the Gibbs factors.

Two factors immediately and strongly point towards dismissal – judicial economy and comity. Whenever original-jurisdiction claims are dismissed, leaving only supplemental-jurisdiction claims, the principles of comity "strongly dictate that those claims should be heard in state court." Weiner v. McKeefery, 90 F.Supp.3d 17, 45 (E.D.N.Y. 2015); see also Norton v. Town of Brookhaven, 2023 WL 3477123, at *4 (2d Cir. May 16, 2023). And the three remaining state claims against Boulben, along with the remaining state claim against the County, are not so "easily resolvable" that it would be simpler to "resolve the case than decline to exercise jurisdiction." UBS Secs. LLC v. Dondero, No. 23-cv-1965, 2023 WL 8472322, at *8 (S.D.N.Y. Dec. 7, 2023). Civil rights cases like this one are far from "quotidian," especially when brought against municipalities. Catzin v. Thank You & Good Luck Corp., 889 F.3d 77, 86 (2d Cir. 2018); see Triolo v. Nassau County, 24 F.4th 98, 113-14 (2d Cir. 2022) (Lohier, Circuit Judge, concurring).

Boulben's letter argues that the factors each weigh towards retaining jurisdiction. In support, she cites three unique features of this case: that Kahlon withdrew his federal claims without a dispositive motion; that a trial is scheduled to take place seven weeks from now; and that she brought her own counterclaims. None of these features, however, tip the Gibbs scale in her favor. First, although Boulben opted against moving for summary judgment, had she done so, she would have certainly knocked out the federal claims, leaving us in this same position. Boulben argues that remanding after withdrawal is nevertheless unfair because it would allow Kahlon to "double back" at the "eleventh hour" on claims that he knows are baseless. But that is not the case. These claims are dismissed *with prejudice*. She will be facing the same claims the same number of times.

Second, Boulben is correct that, given the trial date, remand here raises both fairness and convenience concerns not present in cases remanded right after summary judgment. See Motorola Credit, 388 F.3d at 56. Courts have oft cited proximity to trial as a reason to retain supplemental jurisdiction. See, e.g., Europe v. Equinox Holdings, Inc., No. 20-cv-7787, 2023 WL 172205 (S.D.N.Y. Jan. 11, 2023). But that tends to occur only when other factors suggest the district court should retain jurisdiction, such as when a case turns on "recently settled New York municipality doctrine and does not involve novel legal question[s]." Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990). As mentioned above, comity and judicial economy point strongly in the other direction.

Third, based on three examples taken from her lawyer's office, Boulben contends that it may take a protracted period for the case to come to trial in Nassau County Supreme Court even after she files a note of issue. That is hardly a reliable sample. However, Boulben's counterclaims are state claims. Had she brought them separately, or had Kahlon properly filed a

complaint without federal claims, she would have been in state court in the first place, where the same alleged congestion issues would have still confronted her. In fact, Kahlon's erroneous federal claims likely sped up adjudication of Boulben's counterclaims. The Court's accelerated three-month discovery schedule and premotion conferences positioned the parties for trial less than ten months after Boulben filed her answer. Remand might be inconvenient, but it is not unfair.

The same is true of Boulben's concern with the County's pending motion for summary judgment. That too might delay a trial on remand. But the County was already planning to make the same motion in federal court, which may have similarly delayed trial here. In any event, the motion process will likely proceed swiftly regardless of forum – there is only one remaining claim against the County.[2]

### III. Boulben is not entitled to attorneys' fees

Boulben alternatively asks the Court for an order stating that "(1) [p]laintiff should pay [Boulben's] attorney's fees and costs, and (2) any future case must be filed in New York County, where Boulben resided at the time this case was commenced, pursuant to CPLR § 503." Her request reveals a misunderstanding endemic in her opposition. The Court is not dismissing any claims without prejudice, and it is certainly not dismissing the entire action without prejudice. It is dismissing plaintiff's federal claims with prejudice on the limited ground that plaintiff cannot demonstrate that Boulben is a state actor, and it is remanding the rest of the action to state court.

---

[2] Further assuring me of my determination is the Second Circuit's decision in Catzin, the only case Boulben cites reversing a district court's decision to decline supplemental jurisdiction. There, the district court *sua sponte* remanded a case after plaintiffs conceded, in a footnote appended to their opposition to a motion in limine, that they "intend to pursue at trial only their NYLL claims since the NYLL provides all relief that the FLSA provides." 899 F.3d at 81. The Second Circuit held that the district court made "three interrelated errors": it did not afford the parties notice and opportunity to be heard, it opined about counsel's motives without notice, and it did not address the Gibbs factors. Id. None of these errors are present here.

9

There will be no "future case." There will only be this case, and it will be litigated in the court from which it was removed – the Supreme Court of the State of New York for Nassau County.

For this reason, I am also unpersuaded by defense counsel's complaint that it will be "inconvenienced" by trial in Nassau County Supreme Court (it is proceeding pro bono) after having spent a lot of time litigating in this Court. There is no reason to believe that counsel spent more time litigating here than it would have spent litigating the matter in Nassau County. As mentioned above, the opposite is likely true.

Relatedly, counsel complains that it will be "inconvenienced" because it is based in Brooklyn and does not regularly litigate in Nassau County. But this case is only in Brooklyn fortuitously. Under the Division of Business Rules for The Eastern District of New York, Rule 1(d)(3), a civil case "removed from a New York State Court located in Nassau or Suffolk County," like this one was, "shall be designated a Central Islip case" and assigned to a judge in the Eastern District's Central Islip courthouse. This case was, in fact, so designated. It was assigned to a Brooklyn judge only pursuant to a resolution of the Board of Judges that permitted the Clerk to randomly assign some Central Islip cases to Brooklyn judges due an excessive case load on the Central Islip judges.

At bottom, Boulben is not entitled to attorneys' fees because the hours that her lawyers worked litigating this action were still well spent, and she comes nowhere close to demonstrating that Kahlon acted in a manner "akin to bad faith." State Street Bank and Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004). The case is primed for trial in state court upon remand upon determination of the County's motion for summary judgment. All either party must do is file a note of issue. They may have to wait a longer than they would have

waited in federal court, but the case will be tried around the same time, and maybe even before, it would have been tried had it properly remained in state court.

## CONCLUSION

Kahlon's request for dismissal of certain claims and to thereupon remand the action to state court [40] is granted.  Boulben's motion for attorneys' fees and request to retain supplemental jurisdiction [43] is denied.  This case is remanded to the Supreme Court, Nassau County, Index No. 603545/2024.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
    February 11, 2025

11